ORIGINAL
FILED

08 MAR -5 PM 3: 10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:   CP                    DEPUTY

1   JEREMY A. ROTH, Bar No. 129007
    GREGG C. SINDICI, Bar No. 058314
2   JUSTIN A. MORELLO, Bar No. 239250
    LITTLER MENDELSON
3   A Professional Corporation
    501 W. Broadway, Suite 900
4   San Diego, CA  92101.3577
    Telephone:    619.232.0441
5
    Attorneys for Defendant
6   AUTOZONE STORES, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0417 L BLM

10  ROSARIO JUAREZ,                    Case No.

11                Plaintiff,           DEFENDANT AUTOZONE STORES,
                                       INC.'S NOTICE TO FEDERAL COURT OF
12          v.                         REMOVAL OF CIVIL ACTION

13  AUTOZONE STORES, INC.,             [28 U.S.C. §§1332(A)(1), (C)(1), 1441(A),
                                       1446(A), (B)]
14                Defendant.
                                       Complaint Filed: January 18, 2008
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF
REMOVAL                                          CASE NO. _____

1   TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF

2   AND HER ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that Defendant AUTOZONE, Inc. ("AutoZone"), for itself

4   only, hereby removes the state action described herein, filed in the Superior Court of the State of

5   California, County of San Diego, to the United States District Court for the Southern District of

6   California, pursuant to 28 U.S.C. sections 1441 and 1446.  Defendant will promptly file in said

7   Superior Court its Notice to State Court and All Adverse Parties of Removal of Civil Action.  A true

8   and correct copy of the Notice to State Court and All Adverse Parties of Removal of Civil Action,

9   without its accompanying exhibits is attached as Exhibit A.  This case is being removed based upon

10  diversity of citizenship.  The grounds for removal are as follows:

11  **PROCEDURAL HISTORY**

12  1.      On January 18, 2008, Plaintiff filed this action against her former employer,

13  AutoZone, in her individual capacity, in the Superior Court of the State of California, County of San

14  Diego, entitled *Rosario Juarez v. AutoZone Stores, Inc. and Does 1 through 20,* Case No. 37-2008-

15  00076204-CU-OE-CTL.  The complaint alleged claims against AutoZone for: (1) discrimination in

16  employment; (2) failure to pay wages (Cal. Labor Code §§203, 1194); (3) failure to pay wages (Fair

17  Labor Standards Act, 29 U.S.C. §216); (4) unfair competition (Bus. & Prof. Code §17200 et seq.);

18  (5) unjust enrichment.

19  2.      AutoZone's agent for Service of Process, CT Corporation, received by mail

20  Plaintiff's Summons and Complaint on February 5, 2008.  A copy of the Service of Process

21  Transmittal is attached as Exhibit B.  A copy of the Summons and Complaint is attached as

22  Exhibit C.  A copy of the Notice of Case Assignment is attached as Exhibit D.

23  3.      On March 4, 2008, Defendant filed an answer to Plaintiff's Complaint.  A

24  copy of Defendant's Answer is attached as Exhibit E.

25  4.      Copies of all documents contained in the San Diego Superior Court's file for

26  this matter as of February 26, 2008 are attached as Exhibits F through H.

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL                    1.          CASE NO. _____

**TIMELINESS OF REMOVAL**

5.     Notice of removal must be filed within thirty days after the removing defendant receives the initial pleadings. 28 U.S.C. § 1446(b). On February 5, 2008, AutoZone's agent for Service of Process, CT Corporation, received by mail a copy of the Summons and Complaint filed by Plaintiff. On March 5, 2008, AutoZone filed this Notice of Removal. Thus, AutoZone filed its Notice of Removal within thirty days of receiving the initial pleadings.

6.     This Notice to Federal Court of Removal of Civil Action is further timely because it is based on diversity jurisdiction and filed within one (1) year of the date the action was originally filed on January 18, 2008. 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

7.     This action is a civil action which this Court has original jurisdiction over under 28 U.S.C. sections 1332(a)(1) and (c)(1) and is one which may be removed to this Court by AutoZone pursuant to the provisions of 28 U.S.C. sections 1441 (a) and 1446(b).

8.     Diversity grounds for removal exist because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

**A.**   **Diversity of Citizenship**

9.     Plaintiff was, at the time of commencing this action, and still is, a citizen and resident of San Diego County, California. Plaintiff's Complaint, Exhibit C, p. 2:3-4.

10.     AutoZone was, at the time of the filing of this action, and still is, a citizen of the State of Nevada and the State of Tennessee, in that AutoZone was and continues to be a corporation incorporated under the laws of the State of Nevada, having its principal place of business in the State of Tennessee. 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).

11.     Defendant designated as DOES 1 to 20 are fictitious defendants, are not parties to this action, have not been served and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). *See McCabe v. General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL     2.     CASE NO. _____

**B.**     **Amount in Controversy**

12.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Although the Complaint does not state a specific dollar amount of damages that Plaintiff seeks, Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum.  *See, Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996).  Defendant meets its burden as set forth below.

13.     Through her Complaint, Plaintiff alleged claims for:  (1) discrimination in employment; (2) failure to pay wages (Cal. Labor Code §§203, 1194); (3) failure to pay wages (Fair Labor Standards Act, 29 U.S.C. §216); (4) unfair competition (Bus. & Prof. Code §17200 et seq.); (5) unjust enrichment.

14.     Through her first cause of action for discrimination under California Government Code section 12900 et. seq., Plaintiff seeks "compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other general and special damages according to proof."  She also seeks "incidental, consequential and punitive damages according to proof . . . prejudgment interest at the legal rate . . . [and] attorney fees."  Complaint, p.7:15-20.

15.     Through her second cause of action for wages, Plaintiff seeks "unpaid overtime plus interest . . . Penalt[ies] as permitted under Cal. Labor Code §203 . . . [and] attorney fees."  Complaint, p. 7:21-24.

16.     Through her third cause of action for wages, Plaintiff seeks "unpaid overtime plus interest . . . Liquidated damages . . . [and] attorney fees."  Complaint, p. 7:25-28.

17.     Through her fourth cause of action for violation of California Business and Professions Code section 17200 et. seq., Plaintiff seeks "restitution . . . [and] attorney fees."  Complaint, p. 8:1-3.

18.     Through her fifth cause of action for unjust enrichment and/or *quantum meruit*, Plaintiff seeks "unpaid wages and overtime wages plus interest." Complaint, p. 8:4-5.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL                    3.                    CASE NO. _____

19.    While Plaintiff does not state the total amount she seeks to recover, she does state that the amount in controversy exceeds $25,000. Complaint, p. 2:1

20.    Plaintiff's plea for emotional distress damages should be considered in calculating the amount in controversy even if not clearly pled in the Complaint. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).  Because emotional distress damages in the employment context can be significant for the types of claims at issue here, they must be considered to accurately determine the amount at issue in this litigation.  *See, e.g., Gardenhire v. Housing Authority of the City of Los Angeles,* 85 Cal. App. 4th 236, 240-41, 101 Cal. Rptr. 893, 896, 898 (2000) (affirming judgment, including jury award of $1.3 million in emotional distress damages for retaliation claim); *Watson v. Department of Rehabilitation,* 212 Cal. App. 3d 1271, 1279, 1293-94, 261 Cal. Rptr. 204, 207, 217-18 (1989) (upholding $1.17 million emotional distress award in a race/age discrimination case with allegations of retaliation for complaints about discrimination).

21.    Plaintiff further seeks to recover attorney's fees and costs.  A plaintiff that successfully establish a claim for nonpayment of wages are entitled to recover attorney's fees under California Labor Code sections 1194(a) and California Business and Professions Code section 17200 et. seq.  Plaintiff may also recover attorney's fees for discrimination claims under the FEHA.  Cal. Gov't Code § 12965(b); Cal. Civ. Proc. Code §§ 1032, 1033.5(a)(10).  Attorney's fees are appropriately included in the amount in controversy for purposes of removal. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).  It is proper to include both the amount of attorney's fees incurred at the time of removal and all reasonably anticipated future fees. *See Simmons,* 209 F. Supp. 2d at 1034 (N.D. Cal. 2002) ("[Attorney's] fees necessarily accrue until the action is resolved.  Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal .... [t]he measure of fees should be the amount that can be anticipated at the time of removal.").  Plaintiff's attorney's fees for this case will exceed $75,000. *See, Weeks v. Baker & McKenzie,* 63 Cal. App. 4th 1128, 1150, 1151 (1998) (plaintiff was awarded $1,847,437.86 in attorney fees); *Lopez v. City of San Diego,* Case No. GIC 779369 (Cal. Sup. Ct. January 2, 2003) (court granted directed verdict for plaintiff in FEHA discrimination case and awarded plaintiff

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL                    4.                    CASE NO. _____

1   $86,820 in attorneys' fees); *Czarnik v. Ilumina*, Case No. 763972 (Cal. Sup. Ct. July 16, 2002)

2   (plaintiff awarded $325,000 in attorneys fees from court in case involving claims of discrimination

3   and retaliatory termination); *Hackmon v. City of Los Angeles*, Case No. BC 189-148 (Cal. Sup. Ct.

4   November 30, 2001) (plaintiff awarded attorneys' fees of $114,583 in discrimination case).

5        22.     Plaintiff also seeks to recover punitive damages. *See* Cal. Civ. Code § 3294;

6   *see also* Cal. Lab. Code § 1194. When punitive damages are potentially recoverable, Defendant may

7   introduce, and this Court should consider, other jury verdicts when calculating the amount in

8   controversy. *See Simmons*, 209 F. Supp. 2d at 1033; *see also Conrad Associates v. Hartford*

9   *Accident & Indemnity Co.*, 944 F. Supp. 1196, 198 (N.D. Cal. 1998) ("A defendant can introduce

10   other jury verdicts to bolster its claim that potential punitive damages would raise the amount in

11   controversy to over $75,000...."). If Plaintiff were to prove the allegations in her Complaint and

12   prevail at trial, her punitive damages would alone establish the minimum jurisdictional threshold.

13   Jury verdicts in employment cases with analogous facts demonstrate that the amount in controversy

14   in this action exceeds the $75,000 jurisdictional minimum. *See, e.g. Pavon v. Swift Transportation*

15   *Co.*, 192 F.3d 902, 909 (9th Cir. 1999) (affirming $300,000 punitive damage award for race

16   discrimination claim and wrongful termination of employee who complained about racial slurs);

17   *Zhang v. Am. Gem Seafoods*, 339 F.3d 1020, 1044, 1039-45 (9th Cir. 2003) (affirming verdict of

18   $300,000 in compensatory damages and $2.6 million in punitive damages); *Roby v. McKesson*

19   *HBOC*, 2004 WL 1385971 (Cal. Super. May 03, 2004). (jury award to plaintiff of $15 million in

20   punitive damages against company defendant in a disability discrimination and wrongful termination

21   case); *Allred v. Unihealth Corp.*, 1997 WL 875080 (Cal. Super. January 25, 2002) (jury award to

22   plaintiff of $750,000 in punitive damages in age and disability discrimination case); *Brown v. LNP*

23   *Engineering Plastics, Inc.*, 1997 WL 828516 (Cal. Super. Ct. June 30, 1997) (jury award of

24   $667,000 in punitive damages for disability discrimination and failure to accommodate claims).

25        23.     Thus, the preponderance of the evidence shows that, based on Plaintiff's

26   alleged damages, the amount in controversy threshold of $75,000 is met. Accordingly, removal is

27   proper. *See, Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Sanchez v.*

28   *Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL     5.     CASE NO. _____

**C.    Venue and Bond**

24.    Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court.  28 U.S.C. §1441(a).

25.    No bond is required for removal.   28 U.S.C. §1446(d); *Rezendes v. Dow Corning Corp.*, 717 F. Supp. 1435, 1438 n.2 (E.D. Cal. 1989).

26.    Contemporaneously with the filing of this Notice To Federal Court Of Removal Of Civil Action, a true and correct copy of this notice will be filed with the Clerk of the Superior Court for the State of California, County of San Diego and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d).

Defendant AutoZone therefore removes the civil action filed against it in the State of California Superior Court, County of San Diego to the United States District Court, Southern District of California.

Dated: March _5_ , 2008                  Respectfully submitted,

JEREMY A. ROTH
GREGG C. SINDICI
JUSTIN A. MORELLO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AUTOZONE STORES, INC.

Firmwide:84306695.1 013306.2125

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL                  6.                  CASE NO. _____

**EXHIBIT  A**

1  JEREMY A. ROTH, Bar No. 129007
   GREGG C. SINDICI, Bar No. 058314
2  JUSTIN A. MORELLO, Bar No. 239250
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:    619.232.0441
5
   Attorneys for Defendant
6  AUTOZONE STORES, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10 ROSARIO JUAREZ,                    | Case No. 37-2008-00076204-CU-OE-CTL

11              Plaintiff,            | **DEFENDANT AUTOZONE STORES
                                      | INC.'S NOTICE TO STATE COURT AND
12      v.                            | ALL ADVERSE PARTIES OF REMOVAL
                                      | OF CIVIL ACTION**
13 AUTOZONE STORES, INC.,            |
                                      | Complaint Filed: January 18, 2008
14              Defendant.            |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

—————————————————————————————————————————————————
      DEFENDANT AUTOZONE STORES INC.'S NOTICE TO STATE COURT OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2         PLEASE TAKE NOTICE that Defendant AUTOZONE, INC. is contemporaneously

3  filing a Notice to Federal Court of Removal of Civil Action in the United States District Court for

4  the Southern District of California on March 5, 2008.    A copy of said Notice without its

5  accompanying exhibits, which consist of a copy of this Notice and a copy of all pleadings filed with

6  this Court in the State proceedings, is attached hereto as Exhibit A.

7         PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. sections 1441 and

8  1446, the filing of said Notice to Federal Court in the United States District Court, together with the

9  filing of this Notice to State Court and a copy of said Notice to Federal Court, effects the removal of

10  the above-captioned action from this Court to the United States District Court for the Southern

11  District of California, and this Court may proceed no further unless and until the case is remanded.

12

13  Dated: March __5__ , 2008                    Respectfully submitted,

14

15

16                                              JEREMY A. ROTH
                                                GREGG C. SINDICI
17                                              JUSTIN A. MORELLO
                                                LITTLER MENDELSON
18                                              A Professional Corporation
                                                Attorneys for Defendant
19                                              AUTOZONE STORES, INC.

20  Firmwide:84306257.1 013306.2125

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

1.

DEFENDANT AUTOZONE STORES INC.'S NOTICE TO STATE COURT OF REMOVAL

**CT** CORPORATION
A WoltersKluwer Company



**Service of Process
Transmittal**
02/05/2008
CT Log Number 513050740

TO:     HARRY L GOLDSMITH
        AutoZone, Inc.
        123 South Front St.
        Memphis, TN 38103-3607

RE:     **Process Served in California**

FOR:    AutoZone Stores, Inc. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rosario Juarez, Pltf. vs. Autozone Stores, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice and Acknowledgment of Receipt, Summon, Complaint, Self Addressed Envelope |
| **COURT/AGENCY:** | Superior Court of the State of California For the County of San Diego, CA Case # 00076204CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On basis of gender, pregnancy - Unpaid Wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 02/05/2008 postmarked on 01/18/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from date of mailing dated [02/05/08] - Complete acknowledgment form and return // Within 30 days after service - file an answer |
| **ATTORNEY(S) / SENDER(S):** | Charles Moore Simpson & Moore, LLP 121 Broadway Suite 644 San Diego, CA 92101 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 798367183473 Email Notification, Pam Butler PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Nancy Flores 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / WM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT C**

# SUMMONS
## (CITACIÓN JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTO ZONE STORES, Inc.; and DOES 1 through 20

FILED FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL BUSINE...

08 JAN 18 PM 3:08

CLERK ... COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROSARIO JUAREZ,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California <br> 121 Broadway, Suite 644 | CASE NUMBER *(Número del Caso):* <br> 37-2008-00076204-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Moore SBN 180211            619-236-9696       619-236-9697
Simpson & Moore, LLP
121 Broadway, Suite 644
San Diego, CA 92101
DATE: January 18, 2008   **JAN 18 2008**     Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*    I REYES       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

1   SIMPSON & MOORE, LLP
    Sean Simpson, Bar #145514
2   Charles Moore, Bar #180211
    121 Broadway, Suite 644
3   San Diego, California 92101
    Telephone: (619) 236-9696
4   Facsimile: (619) 236-9697

5   Attorneys for Plaintiff ROSARIO JUAREZ

6

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       FOR THE COUNTY OF SAN DIEGO

11

12   ROSARIO JUAREZ,                    )   CASE NUMBER: 37-2008-00076204-CU-OE-CTL
                                        )
13              Plaintiff,              )   COMPLAINT FOR:
                                        )
14   v.                                 )   1.   DISCRIMINATION     IN
                                        )        EMPLOYMENT
15   AUTO ZONE STORES, Inc.; and DOES 1 )   2.   FAILURE TO PAY WAGES (Cal.
     through 20                         )        Labor Code §§203, 1194)
16                                      )   3.   FAILURE TO PAY WAGES (Fair
                Defendants.             )        Labor Standards Act, 29 U.S.C. §216)
17                                      )   4.   UNFAIR COMPETITION (Bus. &
                                        )        Prof. Code §17200 et seq.)
18                                      )   5.   UNJUST ENRICHMENT.
                                        )
19   _____ )

20

21      COMES NOW plaintiff, ROSARIO JUAREZ, and for causes of action against defendants and

     each of them, complains and alleges as follows:

                           **CERTIFICATION OF PROPER VENUE**
                                  **(Local Rule 6.8(b))**

        Plaintiff Rosario Juarez (hereinafter "Juarez") hereby certifies that the downtown branch of the

     San Diego Superior Court is a proper venue for this action by virtue of: (1) Auto Zone Stores, Inc.

     at all relevant times conducted business on a regular basis in the County of San Diego, California (2)

     the subject contract establishes that venue is proper in this court; and (3) The acts and/or omissions

     of the causes of action herein alleged took place in the County of San Diego, California. Further, the

1    amount in controversy exceeds the $25,000.00 jurisdictional minimum of the Superior Court.

2                              **GENERAL ALLEGATIONS**

3        1.      Plaintiff, Rosario Juarez, is an individual and is now and at all times relevant in this

4    complaint had his place of residence in the County of San Diego, State of California.

5        2.      Defendant AUTO ZONE STORES (hereinafter "AUTO ZONE"), a business entity form

6    unknown, at all times relevant in this complaint was, doing business within the County of San Diego,

7    State of California. At all relevant times, is located at 2500 Plaza Boulevard East, National City, CA

8    91950. AUTOZONE is in the business of owning and operating a large nationwide chain of retail

9    auto parts stores. AUTOZONE operates over 400 such stores in California.

10       3.      Plaintiff JUAREZ is unaware of the true names and capacities of the defendants named

11   as DOES 1-20, and therefore sues these defendants as fictitious parties. Plaintiff will, upon learning

12   the true names and capacities of these DOE defendants, seek leave to amend the complaint so that the

13   true names and capacities of these individuals may be added to the complaint. At this time, plaintiff

14   JUAREZ states on information and belief that each of the fictitiously named defendants is and/or

15   acted as the agent of the other defendants and is responsible for the occurrences herein alleged, and

16   is liable to plaintiff for the damages proximately caused thereby.

17       4.      JUAREZ was hired by AUTO ZONE to work as an hourly wage employee starting on

18   or about December, 2000. sales person. Within Autozone all employees are known as Autozoners.

19   JUAREZ was hired as a retail sales person that AUTOZONE calls a Customer Service Representative

20   ("CSR"). These employees are also called "Red shirts" because they all wore red shirts. The shirt

21   color denotes whether AUTOZONE considers an employee to be part of management ("grey shirts")

22   or line level (red shirts).

23       5.      JUAREZ was promoted to Parts Sales Manager ("PSM") on or about April 2001.

24   Although she continued to be an hourly wage employee, AUTOZONE considered this position as part

25   of management and JUAREZ was told to wear the grey shirts. AUTOZONE required its employees

26   to purchase the uniform shirts. JUAREZ received a pay increase with this promotion.

27       6.      On or about October 2004, JUAREZ was promoted to Store Manager. She was

28   recommended for the promotion by her then store manager, Mr. Goggins. The Store Manager

1    position was also an hourly wage position. JUAREZ received a pay increase with the promotion. The

2    promotion was approved by the then District Manager, Jose Luis Torres. JUAREZ planned to make

3    a career at AUTOZONE and hoped to eventually become a District Manager.  Subsequent to her

4    promotion, Torres left the company and was replaced by Kent McFall. McFall became JUAREZ's

5    direct supervisor.

6         7.    JUAREZ at all times performed her job satisfactorily and met all reasonable

7    expectations. After being promoted, JUAREZ became aware that there were very few women store

8    managers at AUTOZONE – of 98 stores in the San Diego region, only 10 had women managers.

9    There were only a couple of women District Managers in the 9 district San Diego region. The two

10   women District Managers left the company and were replaced with men. JUAREZ had at least one

11   woman PSM in her store that was very good and she recommended her to be promoted to Store

12   Managers. All open store manager positions were given to male employees. AUTOZONE had a

13   "glass ceiling" that prevented women from rising within the store operations part of the company.

14        8.    In September 2005, JUAREZ became pregnant. The District Manager, McFall, learned

15   that JUAREZ was pregnant in November 2005. His attitude towards JUAREZ changed.  McFall told

16   JUAREZ that because she was pregnant, she could not handle the job and she should step down from

17   her Store Manager position to again be a PSM. JUAREZ refused. McFall continued to chide her

18   about not being able to handle her job although JUAREZ was at all times able to perform her duties.

19   Her store made money for AUTOZONE.

20        9.    JUAREZ's son was born in May 2005. McFall continued to tell JUAREZ she could

21   not be a mother and handle her job and suggest she step down. AUTOZONE demoted her to PSM

22   with a pay decrease in February 2006.

23        10.    While JUAREZ worked as a store manager she was required to work hours off-the-

24   clock. AUTOZONE's practice was to have the District Managers conduct periodic meetings with the

25   Store Manager and give them a list of things that had to be done before the next meeting.  The lists

26   generally included the inventory of various store items and other tasks. The Store Managers were also

27   allowed only 10 hours of overtime per week. The Store Managers were also given a labor budget,

28   i.e. how many employees they were permitted for their store and how hours they could schedule.

1  They were also given instructions to reduce labor as much as possible.   If they exceeded these

2  budgets for their own hours or their employees' hours, they would be written up and face other

3  disciplinary action up to and including termination.  The Store Managers worked on the store sales

4  floor and at the cash registers as "overflow", i.e. when the store was busy, they had to help customers.

5  The result of the labor budget was that the store was constantly understaffed to cut costs and the store

6  managers were on the sales floor most hours of the day.  This created a situation where the store

7  manager could not possibly complete all assigned tasks in the allowed 50 hours per week.  JUAREZ

8  was faced with this situation – she could not keep the store running, helping the customers, meeting

9  sales goals, and do all the tasks required of the store manager in the allotted 50 hours.  In order to

10  keep her job, she was in the position of having to work off-the-clock uncompensated hours.

11      11.      Plaintiff is informed and believes and thereon alleges that AUTOZONE designed their

12  procedures so as to routinely put managers, such as JUAREZ, in the position where they were forced

13  to work hours off-the-clock.

**FIRST CAUSE OF ACTION**

15  **Discrimination in Violation of Govt. Code §12900 et seq.**

16      12.      The allegations of paragraphs 1 through 11, inclusive, are realleged and

17  incorporated by reference.

18      13.      At all times relevant in this complaint, Government Code sections 12900 et. seq.

19  (Fair Employment and Housing Act (FEHA)) were in full force and effect, and were binding upon

20  all defendants and each of them.  Government Code section 12940 requires that employers refrain

21  from discriminating against or harassing any employee on the basis of sex and from

22  discriminating against any employee on the basis of pregnancy.  Plaintiff has complied with the

23  requirements of FEHA that she file a complaint with the Department of Fair Employment and

24  Housing ("DFEH") and obtained a right-to-sue letter duly issued by the DFEH.  This action is

25  being commenced within the time period permitted by the right-to-sue letter issued by the DFEH.

26      14.  .    As a direct and proximate result of defendants' conduct, plaintiff has lost income

27  and benefits including medical and other employment benefits, retirement benefits, and other

28  related benefits and suffered severe damage to her professional reputation and impairment to her

ability to secure future employment in law enforcement.

15.   As a further direct and proximate result of defendants' demotion of plaintiff from Store Manager to PSM, plaintiff has suffered emotional injury and mental distress.

16.   Plaintiff JUAREZ has been required to obtain legal counsel to protect her rights, and she thereby has incurred attorney fees in an amount to be proven at the time of trial.  As provided under Government Code sections 12900 et. seq., and specifically section 12965(b), and Civil Code plaintiff requests an award of reasonable attorney fees against all defendants.

17.   Pursuant to Government Code section 12926(c), plaintiff JUAREZ seeks recovery against defendant AUTOZONE and other individuals named as DOES.

18.   The conduct of defendants, including their agents and employees, was done with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage plaintiff, which conduct was despicable, egregious and oppressive, and constituted fraud, malice or oppression as defined by Civil Code section 3294.  Therefore, plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of defendants, in a sum to be proven at trial..

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages – Labor Code §§203, 1194

19.   The allegations of paragraphs 1 through 18, inclusive, are realleged and incorporated by reference.

20.   Plaintiff had an employment relationship with Defendant AUTOZONE and/or Does 1-10 from 2000 through the present.

21   Plaintiff worked overtime on or about every week that she was employed in the position of Store Manager, from October 2004 through February 2006, until demoted to PSM.

22.   Defendants AUTOZONE and/or Does 1-10, failed to pay Plaintiff overtime compensation.

23.   Plaintiff routinely worked longer than 8 hours per day without any compensation for overtime by Defendants AUTOZONE and/or Does 1-10.

24.   Defendants AUTOZONE and/or Does 1-10 and/or each of them refused or neglected to make records of the amount of time Plaintiff and/or other employees worked and/or worked overtime.

25.     Defendants conduct in not paying Plaintiff anything for overtime compensation was in violation of law.

26.     Plaintiff therefore prays for the amount of the unpaid overtime compensation, for interest due from the day such amounts were due, for penalty equal to 30 days wages pursuant to California Labor Code Sec. 203, for reasonable attorneys fees pursuant to Labor Code Sec. 1194, for costs of suit herein, and/or for equitable relief.

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Compensation - Fair Labor Standards Act

27.     The allegations of paragraphs 1 through 26, inclusive, are realleged and incorporated by reference.

28.     AUTOZONE was in violation of the Fair Labor Standards Act, when it refused to pay JUAREZ overtime that he was owed.

29.     AUTOZONE had a pattern and practice of failing to pay overtime wages to plaintiff, who worked substantial overtime hours.

30.     AUTOZONE's afore stated company practices were in violation of the Fair Labor Standards Act. Said violations were wilful in that AUTOZONE knew or should have known that said practices were in violation of law. AUTOZONE had no reasonable belief that such practices were in compliance with the Fair Labor Standards Act.

31.     Plaintiff therefore prays for the amount of unpaid overtime compensation, for interest due from the day such amounts were due, for liquidated damages pursuant to 29 U.S.C. §216(b), for reasonable attorneys fees pursuant to 29 U.S.C. §216(b), for costs of suit herein, and/or for equitable relief.

### FOURTH CAUSE OF ACTION

### Unfair Business Practices - Bus. & Prof. Code §17200

32.     Plaintiff incorporates paragraphs 1-31 as though fully alleged herein.

33.     AUTOZONE acquired moneys required to be paid under the overtime laws by an unlawful practice. AUTOZONE's failure to pay overtime wages owed to its employees, including plaintiff, constitutes an unfair business practice under Bus. & Prof. Code §17200 et seq.

34.     Plaintiff prays for restitution of all moneys unlawfully acquired by AUTOZONE pursuant to Bus. & Prof. Code §17203 and such other equitable relief as the court deems proper.

**FIFTH CAUSE OF ACTION**

**Unjust Enrichment And/or for Quantum Meruit**

35.     Plaintiff incorporates paragraphs 1-34 as though fully alleged herein.

36.     Plaintiff had an employment relationship with Defendants AUTOZONE and/or Does 1-10.

37.     Plaintiff was not paid for the hours that he worked for Defendants and/or was not paid anything for overtime work in excess of time that he worked 8 hours of work daily for Defendants.

38.     By failing to pay Plaintiff money for his overtime work, Defendants AUTOZONE and/or Does 1-10 were unjustly enriched.

39.     Plaintiff therefore prays for quantum meruit payment, interest, and for all other damages and equitable relief permitted under law.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

On the First Cause of Action:

1.     For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other general and special damages according to proof;

2.     For incidental, consequential and punitive damages according to proof;

3.     For prejudgment interest at the legal rate;

4.     For attorney fees as provided for under any statutory provision;

On the Second Cause of Action:

5.     Unpaid overtime wages plus interest thereon under Cal. Labor Code §1194.

6.     Penalty as permitted under Cal. Labor Code §203.

7.     For attorney fees as provided for under Cal. Labor Code §1194.

On the Third Cause of Action:

8.     Unpaid overtime wages plus interest thereon under 29 U.S.C. §216(b).

9.     Liquidated damages as permitted under 29 U.S.C. §216(b).

10.    For attorney fees as provided for under 29 U.S.C. §216(b).

1    On the Fourth Cause of Action:

2    11.       For restitution.

3    12.       For attorney fees pursuant to CCP §1021.5.

4    On the Fifth Cause of Action:

5    13.       Unpaid wages and overtime wages plus interest thereon.

6    On All Causes of Action:

7    14.       For costs of suit and for such other and further relief as the court deems just and proper.

8                                        SIMPSON & MOORE LLP

9

10   DATED: 1/18/08                      by _____

11                                       SEAN SIMPSON or CHARLES MOORE
                                         Attorneys for Plaintiff ROSARIO JUAREZ

     g:\wp\0267-060-JUA\plead\compl01.ORG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              Complaint, Page 8

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6146 |

PLAINTIFF(S) / PETITIONER(S):     Rosario Juarez

DEFENDANT(S) / RESPONDENT(S): Auto Zone Stores, Inc

JUAREZ VS. AUTO ZONE STORES, INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00076204-CU-OE-CTL |

Judge:  Jeffrey B. Barton                                        Department:  C-69

**COMPLAINT/PETITION FILED:** 01/18/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

EXHIBIT E

1  JEREMY A. ROTH, Bar No. 129007
   GREGG C. SINDICI, Bar No. 058314
2  JUSTIN A. MORELLO, Bar No. 239250
   LITTLER MENDELSON
3  A Professional Corporation
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:    619.232.0441
5  Fax No.:      619.232.4302
6  Attorneys for Defendant
   AUTOZONE STORES, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10   ROSARIO JUAREZ,                      Case No. 37-2008-00076204-CU-OE-CTL

11                    Plaintiff,          **DEFENDANT AUTOZONE STORES
                                          INC.'S ANSWER TO PLAINTIFF'S**
12        v.                              **UNVERIFIED COMPLAINT**

13   AUTOZONE STORES, INC.,               Complaint Filed:  January 18, 2008

14                    Defendant.

15

16        Defendant AUTOZONE, INC. ("Defendant") hereby answers Plaintiff ROSARIO

17   JUAREZ's unverified Complaint as follows:

18                          **GENERAL DENIAL**

19        Pursuant to the provisions of the California Code of Civil Procedure section

20   431.30(d), Defendant denies generally and specifically each and every allegation contained in the

21   Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or

22   damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

23   other conduct or absence thereof on the part of Defendant.

24                        **AFFIRMATIVE DEFENSES**

25                      **FIRST AFFIRMATIVE DEFENSE**

26        As a separate and distinct affirmative defense, Defendant alleges the Complaint and

27   each and every alleged cause of action therein fails to state facts sufficient to constitute a cause of

28   action upon which relief can be granted.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619 232 0441

Firmwide:84253751.1 013306.2125                    1.

DEFENDANT AUTOZONE STORES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges upon information and belief Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to allege special or exemplary damages with requisite specificity.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that through her Complaint, Plaintiff fails to state facts sufficient to set forth a cause of action for punitive, special or exemplary damages.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claim for emotional distress, if any, is barred in that conduct by Defendant neither contravened any established public policy nor exceeded the inherent risks of employment.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the Complaint and the claims contained therein is/are barred by the statute(s) of limitations set forth in Government Code section 12965, Code of Civil Procedure sections 203, 338, 340, 343 United States Code Chapter 29 section 255, Business and Professions Code section 17208, and any other applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges Plaintiff did not exercise due caution or care with respect to matters alleged in the Complaint and that if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:84253751.1 013306.2125

2.

DEFENDANT AUTOZONE STORES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1 | injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be

2 | denied or reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

4 | As a separate and distinct affirmative defense, Defendant alleges that if any damages

5 | or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or diminished

6 | by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in

7 | lieu of earned income, in satisfaction of any potential liability by Defendant in this action.

### TENTH AFFIRMATIVE DEFENSE

9 | As a separate and distinct affirmative defense, Defendant alleges that any injuries or

10 | damages of Plaintiff, if any, were caused and/or instigated by Plaintiff's own conduct, behavior,

11 | and/or negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

13 | As a separate and distinct affirmative defense, Defendant alleges Plaintiff violated, at

14 | a minimum, her obligations as an employee under California Labor Code Sections 2854, 2856-2859.

### TWELFTH AFFIRMATIVE DEFENSE

16 | As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are

17 | barred due to Plaintiff's failure to fully and timely exhaust her required statutory administrative

18 | remedies prior to commencing suit.

### THIRTEENTH AFFIRMATIVE DEFENSE

20 | As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims

21 | cannot be maintained and/or recovery on them, if any, should be reduced as Plaintiff failed to

22 | exhaust any and all appropriate internal remedies in a timely manner.

### FOURTEENTH AFFIRMATIVE DEFENSE

24 | As a separate and distinct affirmative defense, Defendant alleges the Complaint, and

25 | each cause of action alleged therein, are barred and/or Plaintiff's damages should be decreased

26 | because Plaintiff failed to comply with the Defendant's harassment/discrimination policy procedures

27 | concerning reporting claims of discrimination or harassment or to otherwise avoid harm in a timely

28 | manner.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

Firmwide:84253751.1 013306.2125

3.

DEFENDANT AUTOZONE STORES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges, upon information and belief, that due to after-acquired evidence of Plaintiff's on-the-job and employment-related misconduct, which would have resulted in her not being hired and/or her dismissal, Plaintiff's claims are barred and/or her damages are limited.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the provisions of California law providing for the award of punitive or exemplary damages, and the substantive rules, procedures and standards for determining the amount and/or whether or not to award such damages, and if so, in what amount, violate the due process and equal protection rights of Defendant under the Constitutions of the United States and the State of California.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges any conduct of its managers, while acting in the course and scope of their employment, was protected by the managerial privilege and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, for proper and lawful reasons and/or justified by legitimate and substantial business reasons.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful action, policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant and any injury to Plaintiff was caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendant and who were not within the exclusive control of Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or this answering Defendant's conduct is protected by operation of the doctrine of *res judicata*.

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:84253751.1 013306.2125

4.

DEFENDANT AUTOZONE STORES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff, either as and for compensation for the same losses and damages herein alleged or otherwise, received other financial benefits and/or obtained authorized or unauthorized sums, in accordance with applicable law, this answering Defendant is entitled to an offset against Plaintiff's damages, if any, in the amount of all such benefits and/or sums.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because she has been fully compensated for any wages owed, and by accepting the payments made to her has effected an accord and satisfaction of his claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim for penalties under California Labor Code section 203 in that there is a bona fide, good faith dispute as to Defendant's obligation to pay any wages, which may be found to be due.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which prejudgment interest may be granted, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, to the extent Plaintiff seeks statutory or other penalties, such claim must comport with the due process requirements of State Farm v. Campbell, 538 U.S. 408 (2003).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff fails to properly state a claim for recovery of costs and attorneys' fees under California Labor Code sections 203, 218.5 or 1194, California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et seq.*, or any other basis.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:84253751.1 013306.2125

5.

DEFENDANT AUTOZONE STORES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that each and every cause of action pleaded by Plaintiff is barred because the applicable wage orders of the California Industrial Welfare Commission or the provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's prayers for restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200 *et seq.* are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

WHEREFORE, Defendant prays that:

1.    The Court dismiss the Complaint in its entirety with prejudice and that Plaintiff take nothing by way of the Complaint;

2.    The Court enter judgment against Plaintiff and in favor of Defendant;

3.    The Court award Defendant its costs of suit and reasonable attorneys' fees incurred herein; and

4.    The Court award Defendant such other and further relief as it deems appropriate.

Dated: March  4  , 2008                    Respectfully submitted,


JEREMY A. ROTH
GREGG C. SINDICI
JUSTIN A. MORELLO
Attorneys for Defendant
AUTOZONE STORES, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

Firmwide:84253751.1 013306.2125                    6.

DEFENDANT AUTOZONE STORES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE BY PERSONAL DELIVERY

1

2          I am employed in San Diego County, California.  I am over the age of eighteen years

3   and not a party to the within-entitled action.  My business address is 121 Broadway, Suite 331, San

4   Diego, CA 92101.  On March 4, 2008, I personally served:

5        **DEFENDANT AUTOZONE STORES INC.'S ANSWER TO**
     **PLAINTIFF'S UNVERIFIED COMPLAINT**
6

7          by delivering copies thereof to:

8
     Justin R. Dorr                          Attorneys for Plaintiffs
9    Simpson & Moore, LLP
     121 Broadway, Ste. 644
10   San Diego, CA  92101
     Phone: (619) 236-9696
11   Fax: (619) 236-9697

12          I declare under penalty of perjury under the laws of the State of California that the

13   above is true and correct.

14          Executed on March 4, 2008, at San Diego, California.

15

16                                        _____
17                                        NATIONWIDE LEGAL, INC.

18   Firmwide:82712011.1 013306.2115

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
80 South 8th Street
1300 IDS Center
Minneapolis, MN  55402 2136
612 630 1000

                              PROOF OF SERVICE

**EXHIBIT F**

**SUMMONS**                **SUM-100**
*(CITACIÓN JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTO ZONE STORES, Inc.; and DOES 1 through 20

FILED *FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
CIVIL BUSINESS
CENTRAL DIVISION

08 JAN 18 PM 3: 08

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROSARIO JUAREZ,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>121 Broadway, Suite 644 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2008-00076204-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Moore SBN 180211          619-236-9696      619-236-9697
Simpson & Moore, LLP
121 Broadway, Suite 644
San Diego, CA 92101
DATE: January 18, 2008    JAN 1 8 2008     Clerk, by _____ L. REYES , Deputy
*(Fecha)*                     *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

     under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
               ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
               ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                               Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  SIMPSON & MOORE, LLP
   Sean Simpson, Bar #145514
2  Charles Moore, Bar #180211
   121 Broadway, Suite 644
3  San Diego, California 92101
   Telephone: (619) 236-9696
4  Facsimile: (619) 236-9697

FILED
CIVIL BUSINESS OFFICE B
CENTRAL DIVISION

08 JAN 18 PM 3: 08

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

5  Attorneys for Plaintiff ROSARIO JUAREZ

6

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN DIEGO

11

| | |
|---|---|
| ROSARIO JUAREZ, ) | CASE NUMBER: 37-2008-00076204-CU-OE-CTL |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR:** |
| ) | |
| v. ) | 1. **DISCRIMINATION IN EMPLOYMENT** |
| ) | |
| AUTO ZONE STORES, Inc.; and DOES 1 ) through 20 ) | 2. **FAILURE TO PAY WAGES (Cal. Labor Code §§203, 1194)** |
| ) | 3. **FAILURE TO PAY WAGES (Fair Labor Standards Act, 29 U.S.C. §216)** |
| Defendants. ) | 4. **UNFAIR COMPETITION (Bus. & Prof. Code §17200 et seq.)** |
| ) | 5. **UNJUST ENRICHMENT.** |
| ) | |
| _____ ) | |

20     COMES NOW plaintiff, ROSARIO JUAREZ, and for causes of action against defendants and

21  each of them, complains and alleges as follows:

22              **CERTIFICATION OF PROPER VENUE**
23                      **(Local Rule 6.8(b))**

24      Plaintiff Rosario Juarez (hereinafter "Juarez") hereby certifies that the downtown branch of the

25  San Diego Superior Court is a proper venue for this action by virtue of: (1) Auto Zone Stores, Inc.

26  at all relevant times conducted business on a regular basis in the County of San Diego, California (2)

27  the subject contract establishes that venue is proper in this court; and (3) The acts and/or omissions

28  of the causes of action herein alleged took place in the County of San Diego, California.  Further, the

Complaint, Page 1

amount in controversy exceeds the $25,000.00 jurisdictional minimum of the Superior Court.

## GENERAL ALLEGATIONS

1.      Plaintiff, Rosario Juarez, is an individual and is now and at all times relevant in this complaint had his place of residence in the County of San Diego, State of California.

2.      Defendant AUTO ZONE STORES (hereinafter "AUTO ZONE"), a business entity form unknown, at all times relevant in this complaint was, doing business within the County of San Diego, State of California. At all relevant times, is located at 2500 Plaza Boulevard East, National City, CA 91950. AUTOZONE is in the business of owning and operating a large nationwide chain of retail auto parts stores. AUTOZONE operates over 400 such stores in California.

3.      Plaintiff JUAREZ is unaware of the true names and capacities of the defendants named as DOES 1-20, and therefore sues these defendants as fictitious parties. Plaintiff will, upon learning the true names and capacities of these DOE defendants, seek leave to amend the complaint so that the true names and capacities of these individuals may be added to the complaint. At this time, plaintiff JUAREZ states on information and belief that each of the fictitiously named defendants is and/or acted as the agent of the other defendants and is responsible for the occurrences herein alleged, and is liable to plaintiff for the damages proximately caused thereby.

4.      JUAREZ was hired by AUTO ZONE to work as an hourly wage employee starting on or about December, 2000. sales person. Within Autozone all employees are known as Autozoners. JUAREZ was hired as a retail sales person that AUTOZONE calls a Customer Service Representative ("CSR"). These employees are also called "Red shirts" because they all wore red shirts. The shirt color denotes whether AUTOZONE considers an employee to be part of management ("grey shirts") or line level (red shirts).

5.      JUAREZ was promoted to Parts Sales Manager ("PSM") on or about April 2001. Although she continued to be an hourly wage employee, AUTOZONE considered this position as part of management and JUAREZ was told to wear the grey shirts. AUTOZONE required its employees to purchase the uniform shirts. JUAREZ received a pay increase with this promotion.

6.      On or about October 2004, JUAREZ was promoted to Store Manager. She was recommended for the promotion by her then store manager, Mr. Goggins. The Store Manager

position was also an hourly wage position. JUAREZ received a pay increase with the promotion. The promotion was approved by the then District Manager, Jose Luis Torres. JUAREZ planned to make a career at AUTOZONE and hoped to eventually become a District Manager. Subsequent to her promotion, Torres left the company and was replaced by Kent McFall. McFall became JUAREZ's direct supervisor.

7.     JUAREZ at all times performed her job satisfactorily and met all reasonable expectations. After being promoted, JUAREZ became aware that there were very few women store managers at AUTOZONE – of 98 stores in the San Diego region, only 10 had women managers. There were only a couple of women District Managers in the 9 district San Diego region. The two women District Managers left the company and were replaced with men. JUAREZ had at least one woman PSM in her store that was very good and she recommended her to be promoted to Store Managers. All open store manager positions were given to male employees. AUTOZONE had a "glass ceiling" that prevented women from rising within the store operations part of the company.

8.     In September 2005, JUAREZ became pregnant. The District Manager, McFall, learned that JUAREZ was pregnant in November 2005. His attitude towards JUAREZ changed. McFall told JUAREZ that because she was pregnant, she could not handle the job and she should step down from her Store Manager position to again be a PSM. JUAREZ refused. McFall continued to chide her about not being able to handle her job although JUAREZ was at all times able to perform her duties. Her store made money for AUTOZONE.

9.     JUAREZ's son was born in May 2005. McFall continued to tell JUAREZ she could not be a mother and handle her job and suggest she step down. AUTOZONE demoted her to PSM with a pay decrease in February 2006.

10.     While JUAREZ worked as a store manager she was required to work hours off-the-clock. AUTOZONE's practice was to have the District Managers conduct periodic meetings with the Store Manager and give them a list of things that had to be done before the next meeting. The lists generally included the inventory of various store items and other tasks. The Store Managers were also allowed only 10 hours of overtime per week. The Store Managers were also given a labor budget, i.e. how many employees they were permitted for their store and how hours they could schedule.

They were also given instructions to reduce labor as much as possible.   If they exceeded these budgets for their own hours or their employees' hours, they would be written up and face other disciplinary action up to and including termination.  The Store Managers worked on the store sales floor and at the cash registers as "overflow", i.e. when the store was busy, they had to help customers. The result of the labor budget was that the store was constantly understaffed to cut costs and the store managers were on the sales floor most hours of the day.  This created a situation where the store manager could not possibly complete all assigned tasks in the allowed 50 hours per week.  JUAREZ was faced with this situation – she could not keep the store running, helping the customers, meeting sales goals, and do all the tasks required of the store manager in the allotted 50 hours.  In order to keep her job, she was in the position of having to work off-the-clock uncompensated hours.

11.     Plaintiff is informed and believes and thereon alleges that AUTOZONE designed their procedures so as to routinely put managers, such as JUAREZ, in the position where they were forced to work hours off-the-clock.

## FIRST CAUSE OF ACTION

### Discrimination in Violation of Govt. Code §12900 et seq.

12.     The allegations of paragraphs 1 through 11, inclusive, are realleged and incorporated by reference.

13.     At all times relevant in this complaint, Government Code sections 12900 et. seq. (Fair Employment and Housing Act (FEHA)) were in full force and effect, and were binding upon all defendants and each of them.  Government Code section 12940 requires that employers refrain from discriminating against or harassing any employee on the basis of sex and from discriminating against any employee on the basis of pregnancy.  Plaintiff has complied with the requirements of FEHA that she file a complaint with the Department of Fair Employment and Housing ("DFEH") and obtained a right-to-sue letter duly issued by the DFEH.  This action is being commenced within the time period permitted by the right-to-sue letter issued by the DFEH.

14.     As a direct and proximate result of defendants' conduct, plaintiff has lost income and benefits including medical and other employment benefits, retirement benefits, and other related benefits and suffered severe damage to her professional reputation and impairment to her

1   ability to secure future employment in law enforcement.

2       15.   As a further direct and proximate result of defendants' demotion of plaintiff from

3   Store Manager to PSM, plaintiff has suffered emotional injury and mental distress.

4       16.   Plaintiff JUAREZ has been required to obtain legal counsel to protect her rights, and

5   she thereby has incurred attorney fees in an amount to be proven at the time of trial.  As provided

6   under Government Code sections 12900 et. seq., and specifically section 12965(b), and Civil

7   Code plaintiff requests an award of reasonable attorney fees against all defendants.

8       17.   Pursuant to Government Code section 12926(c), plaintiff JUAREZ seeks recovery

9   against defendant AUTOZONE and other individuals named as DOES.

10      18.   The conduct of defendants, including their agents and employees, was done with

11  conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a

12  deliberate, calloused, and intentional manner in order to injure and damage plaintiff, which

13  conduct was despicable, egregious and oppressive, and constituted fraud, malice or oppression as

14  defined by Civil Code section 3294.  Therefore, plaintiff is entitled to punitive damages in an

15  amount sufficient to punish or set an example of defendants, in a sum to be proven at trial..

16                          **SECOND CAUSE OF ACTION**

17              **Failure to Pay Overtime Wages – Labor Code §§203, 1194**

18      19.   The allegations of paragraphs 1 through 18, inclusive, are realleged and incorporated

19  by reference.

20      20.   Plaintiff had an employment relationship with Defendant AUTOZONE and/or Does 1-10

21  from 2000 through the present.

22      21    Plaintiff worked overtime on or about every week that she was employed in the position

23  of Store Manager, from October 2004 through February 2006, until demoted to PSM.

24      22.   Defendants AUTOZONE and/or Does 1-10, failed to pay Plaintiff overtime compensation.

25      23.   Plaintiff routinely worked longer than 8 hours per day without any compensation for

26  overtime by Defendants AUTOZONE and/or Does 1-10.

27      24.   Defendants AUTOZONE and/or Does 1-10 and/or each of them refused or neglected to

28  make records of the amount of time Plaintiff and/or other employees worked and/or worked overtime

25.   Defendants conduct in not paying Plaintiff anything for overtime compensation was in violation of law.

26.   Plaintiff therefore prays for the amount of the unpaid overtime compensation, for interest due from the day such amounts were due, for penalty equal to 30 days wages pursuant to California Labor Code Sec. 203, for reasonable attorneys fees pursuant to Labor Code Sec. 1194, for costs of suit herein, and/or for equitable relief.

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Compensation - Fair Labor Standards Act

27.   The allegations of paragraphs 1 through 26, inclusive, are realleged and incorporated by reference.

28.   AUTOZONE  was in violation of the Fair Labor Standards Act, when it refused to pay JUAREZ overtime that he was owed.

29.   AUTOZONE had a pattern and practice of failing to pay overtime wages to plaintiff, who worked substantial overtime hours.

30.   AUTOZONE's afore stated company practices were in violation of the Fair Labor Standards Act.  Said violations were wilful in that AUTOZONE knew or should have known that said practices were in violation of law.  AUTOZONE had no reasonable belief that such practices were in compliance with the Fair Labor Standards Act.

31.   Plaintiff therefore prays for the amount of unpaid overtime compensation, for interest due from the day such amounts were due, for liquidated damages pursuant to 29 U.S.C. §216(b), for reasonable attorneys fees pursuant to 29 U.S.C. §216(b), for costs of suit herein, and/or for equitable relief.

### FOURTH CAUSE OF ACTION

### Unfair Business Practices - Bus. & Prof. Code §17200

32.   Plaintiff incorporates paragraphs 1-31 as though fully alleged herein.

33.   AUTOZONE  acquired moneys required to be paid under the overtime laws by an unlawful practice.   AUTOZONE's failure to pay overtime wages owed to its employees, including plaintiff, constitutes an unfair business practice under Bus. & Prof. Code §17200 et seq.

34.     Plaintiff prays for restitution of all moneys unlawfully acquired by AUTOZONE pursuant to Bus. & Prof. Code §17203 and such other equitable relief as the court deems proper.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment And/or for Quantum Meruit

35.     Plaintiff incorporates paragraphs 1-34 as though fully alleged herein.

36.     Plaintiff had an employment relationship with Defendants AUTOZONE and/or Does 1-10.

37.     Plaintiff was not paid for the hours that he worked for Defendants and/or was not paid anything for overtime work in excess of time that he worked 8 hours of work daily for Defendants.

38.     By failing to pay Plaintiff money for his overtime work, Defendants AUTOZONE and/or Does 1-10 were unjustly enriched.

39.     Plaintiff therefore prays for quantum meruit payment, interest, and for all other damages and equitable relief permitted under law.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

On the First Cause of Action:

1.     For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other general and special damages according to proof;

2.     For incidental, consequential and punitive damages according to proof;

3.     For prejudgment interest at the legal rate;

4.     For attorney fees as provided for under any statutory provision;

On the Second Cause of Action:

5.     Unpaid overtime wages plus interest thereon under Cal. Labor Code §1194.

6.     Penalty as permitted under Cal. Labor Code §203.

7.     For attorney fees as provided for under Cal. Labor Code §1194.

On the Third Cause of Action:

8.     Unpaid overtime wages plus interest thereon under 29 U.S.C. §216(b).

9.     Liquidated damages as permitted under 29 U.S.C. §216(b).

10.    For attorney fees as provided for under 29 U.S.C. §216(b).

On the Fourth Cause of Action:

11.     For restitution.

12.     For attorney fees pursuant to CCP §1021.5.

On the Fifth Cause of Action:

13.     Unpaid wages and overtime wages plus interest thereon.

On All Causes of Action:

14.     For costs of suit and for such other and further relief as the court deems just and proper.

                                    SIMPSON & MOORE LLP

DATED: 1/18/08                      by _____
                                    SEAN SIMPSON or CHARLES MOORE
                                    Attorneys for Plaintiff ROSARIO JUAREZ

g:\wp\0267-060-JUA\plead\compl01.ORG

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Charles Moore SBN 180211
Simpson & Moore, LLP
121 Broadway, Suite 644
San Diego, CA  92101
TELEPHONE NO.:  619-236-9696     FAX NO.:  619-236-9697
ATTORNEY FOR (Name):  Rosario Juarez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA  92101
BRANCH NAME: Central Division

CASE NAME:  Juarez v. AutoZone

FILED
CIVIL BUSINESS OFFICE 8
CENTRAL DIVISION

08 JAN 18 PM 3: 08

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

FOR COURT USE ONLY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 2008-00076204-CU-OE-CTL |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2008-00076204-CU-OE-CTL |

JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify): 5

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 18, 2008

Charles Moore SBN 180211
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6146 |

PLAINTIFF(S) / PETITIONER(S):     Rosario Juarez

DEFENDANT(S) / RESPONDENT(S):  Auto Zone Stores, Inc

JUAREZ VS. AUTO ZONE STORES, INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00076204-CU-OE-CTL |
|---|---|

Judge:  Jeffrey B. Barton                                     Department: C-69

**COMPLAINT/PETITION FILED:** 01/18/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148428    — SH
* * C O P Y * *
March 05. 2008
15:12:45**

**Civ Fil Non-Pris**
USAO #.: 08CV0417
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC336215

**Total—> $350.00**

FROM: ROSARIO JUAREZ V. AUTOZONE

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

**FILED**

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| ROSARIO JUAREZ | AUTOZONE STORES, INC. |

| (b) County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Defendant Incorporated in Nevada; |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | Principle place of business in Tennessee. |
|  | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

MAR -5 PM 3: 10
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**'08 CV 0417 L BLM**

CR

DEPUTY

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Charles Moore | Gregg C. Sindici |
| Sean Simpson | Justin A. Morello |
| Simpson & Moore, LLP | Littler Mendelson, APC |
| 121 Broadway, Suite 644, San Diego, CA 92101 | 501 W. Broadway, Suite 900, San Diego, CA 92101 |
| 619.236.9696 telephone | 619.232.0441 telephone |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  |  |
|  |  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Diversity 28 U.S.C. sections 1332, 1441, and 1446 |
|---|---|
|  | Brief description of cause: Action for alleged unlawful discrimination, unpaid wages, overtime wages, statutory penalties, unfair competition, and unjust enrichment. |

| VII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: [ ] Yes [X] No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| March 5, 2008 |  |

| FOR OFFICE USE ONLY | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

CR

$350   SEC 3/5/08

American LegalNet, Inc.
www.FormsWorkflow.com