GREGG C. SINDICI, Bar No. 058314
JUSTIN A. MORELLO, Bar No. 239250
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441

Attorneys for Defendant
AUTOZONE STORES, INC.

CHARLES MOORE, Bar No. 180211
SEAN SIMPSON, Bar No. 145514
JUSTIN R. DORR, Bar No. 221839
SIMPSON & MOORE, LLP
121 Broadway, Suite 644
San Diego, CA 92101
Telephone: 619.236.9696

Attorneys for Plaintiff
ROSARIO JUAREZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONE STORES, INC.,<br><br>Defendant. | Case No. 08CV417-L (BLM)<br><br>**JOINT RULE 26(f) CONFERENCE REPORT**<br><br>Complaint Filed: January 18, 2008 |

1. Under Federal Rule of Civil Procedure 26(f), on April 17, 2008, Charles Moore, counsel for Plaintiff Rosario Juarez, and Justin Morello, Littler Mendelson, P.C., counsel for Defendant AutoZone held a telephonic conference. The parties agreed to the following joint conference statement.

2. The parties agree to limit the number of discovery requests per the Federal Rules of Civil Procedure.

3. were not able to agree upon key stipulations including, by way of example only, the number of discovery requests that each party may propound, the type of any settlement procedure, the date for which this case would be ready for trial, and the length of the trial. The

parties were therefore unable to prepare and file a Joint Conference Statement. The following dates are proposed by Defendant AutoZone only.

4. *Pre-Discovery Disclosures.* The parties agreed to disclose, by May 1, 2008, the information required by Federal Rule of Civil Procedure 26(a)(1)(A)-(D).

5. *Discovery Plan.*

The parties agree that discovery will be needed regarding the following subjects: the basis for all of Plaintiff's claims for relief against Defendant, any and all damages which Plaintiff alleges to have sustained, and Defendant's defenses. Specifically, the parties agree discovery will be needed regarding Plaintiff's wage and hour records, policies related to Plaintiff's employment, Plaintiff's personnel file, notes, memoranda and related documents regarding Plaintiff's employment – especially as those documents relate to her promotion and subsequent demotion, and e-mails or other documents generated by Kenneth McFall or other AutoZone employees regarding Plaintiff's employment, promotion, or demotion, and all documents regarding Plaintiff's administrative claim filed with the DFEH and/or EEOC.

At this time it is too early to present a comprehensive discovery plan. But the parties expect to propound interrogatories, special interrogatories, document requests, and possibly request for admission within the limits imposed by the Federal Rules of Civil Procedure. Defendant may also seek to have Plaintiff undergo an independent medical examination depending on the extent of Plaintiff's claimed emotional distress injuries.

Defendant proposes that all discovery (except from retained experts) should be commenced at such time as to be completed by August 22, 2008.

Defendant proposes that the parties should serve on each other the expert disclosures required by Fed. R. Civ. P. 26(a)(2) according to code.

6. *Other items.*

All discovery motions should be filed to be heard on or before October 1, 2008. This cut-off date permits for the completion of discovery and the resolution of all discovery disputes prior to the filing of any dispositive motion.

///

Any and all potentially dispositive motions should be filed to be heard on or before November 24, 2008. The parties respectively reserve the right to file motions for summary judgment or summary adjudication.

Disclosures under the Federal Rule of Civil Procedure 26(a)(3) should be due December 12, 2008. Parties should have 15 days after service of the final list of witnesses and exhibits to list objections per Federal Rule of Civil Procedure 26(a)(3).

The Pretrial Conference should be calendared for late January 2008. The case should be ready for trial by February 2008. The parties expect the trial would last approximately (5) days.

7. Settlement Discussions To Date

While Defendant will participate in good faith in any settlement conference conducted by the Court, Defendant does not at this time stipulate to participate in mediation or any type of binding settlement procedure.

Dated: April 23, 2008

CHARLES MOORE
SEAN SIMPSON
JUSTIN R. DORR
SIMPSON & MOORE, LLP
Attorneys for Plaintiff
ROSARIO JUAREZ

Dated: April _____, 2008

GREGG C. SINDICI
JUSTIN A. MORELLO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AUTOZONE STORES, INC.

Firmwide:84929636.1 013306.2125

Any and all potentially dispositive motions should be filed to be heard on or before November 24, 2008. The parties respectively reserve the right to file motions for summary judgment or summary adjudication.

Disclosures under the Federal Rule of Civil Procedure 26(a)(3) should be due December 12, 2008. Parties should have 15 days after service of the final list of witnesses and exhibits to list objections per Federal Rule of Civil Procedure 26(a)(3).

The Pretrial Conference should be calendared for late January 2008. The case should be ready for trial by February 2008. The parties expect the trial would last approximately (5) days.

7. Settlement Discussions To Date

While Defendant will participate in good faith in any settlement conference conducted by the Court, Defendant does not at this time stipulate to participate in mediation or any type of binding settlement procedure.

Dated: April _____, 2008

CHARLES MOORE
SEAN SIMPSON
JUSTIN R. DORR
SIMPSON & MOORE, LLP
Attorneys for Plaintiff
ROSARIO JUAREZ

Dated: April 23, 2008

GREGG C. SINDICI
JUSTIN A. MORELLO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AUTOZONE STORES, INC.

Firmwide:84929636.1 013306.2125