1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROSARIO JUAREZ,                 )   Civil No. 08cv417-L (BLM)
                                     )
12                    Plaintiff,     )
                                     )   **ORDER CONTINUING SETTLEMENT**
13   v.                              )   **CONFERENCE**
                                     )
14   AUTOZONE STORES, INC.,          )   [Doc. No. 35]
                                     )
15                    Defendants.    )
     _____)
16

17        On February 4, 2009, Plaintiff Rosario Juarez and Defendant

18   Autozone  Stores,  Inc.  filed  a  joint  motion  to  continue  the

19   Settlement Conference scheduled for February 10, 2009.  Doc. No. 35.

20   In  support  of  their  request,  the  parties  state  that  Plaintiff

21   intends to file an amended complaint and that the parties anticipate

22   conducting additional discovery.  Id.  While the Court accepts the

23   parties'  representation  that  they  are  not  ready  to  discuss

24   settlement,  the  Court  notes  that  the  deadline  for  amending  the

25   complaint passed many months ago (doc. no. 15) and that the deadline

26   for completing discovery is February 12, 2009 (doc. no. 30).  As a

27   result,  the  parties  cannot  amend  the  complaint  and  conduct  new

28   discovery without establishing good cause in a written motion and

1    obtaining a judge's consent.  <u>See, e.g.</u>, Fed. R. Civ. P. 16(b)(4).

2    Accordingly, the Court does not consider or address the stated

3    reasons for the parties' unwillingness to engage in settlement

4    discussions at this time.    Based solely on the parties'

5    representation that they currently are not ready to engage in

6    settlement discussions, the Court **GRANTS** the parties' joint motion

7    and continues the Settlement Conference to **May 18, 2009** at **9:30**

8    **a.m.**.

9         All discussions at the Settlement Conference will be

10   informal, off the record, privileged, and confidential.  Counsel for

11   any non-English speaking party is responsible for arranging for the

12   appearance of an interpreter at the conference.

13        1.  **<u>Personal Appearance of Parties Required</u>**:  All

14   parties, adjusters for insured defendants, and other representatives

15   of a party having full and complete authority to enter into a

16   binding settlement, as well as the principal attorneys responsible

17   for the litigation, must be present **<u>in person</u>** and legally and

18   factually prepared to discuss settlement of the case.  <u>Counsel</u>

19   <u>appearing without their clients (whether or not counsel has been</u>

20   <u>given settlement authority) will be cause for immediate imposition</u>

21   <u>of sanctions and may also result in the immediate termination of the</u>

22   <u>conference.</u>

23        Unless there are extraordinary circumstances, persons

24   required to attend the conference pursuant to this Order shall not

25   be excused from personal attendance.   **Requests for excuse from**

26   **attendance for extraordinary circumstances shall be made <u>in writing</u>**

27   **at least three (3) court days prior to the conference.**  Failure to

28   appear **<u>in person</u>** at the Settlement Conference will be grounds for

1   sanctions.

2        2.   **Full Settlement Authority Required**:  In addition to

3   counsel who will try the case, a party or party representative with

4   <u>full settlement authority</u>[1] must be present for the conference.   In

5   the case of a corporate entity, an authorized representative of the

6   corporation who is not retained outside counsel must be present and

7   must have discretionary authority to commit the company to pay an

8   amount up to the amount of Plaintiff's prayer (excluding punitive

9   damages prayers).   The purpose of this requirement is to have

10  representatives present who can settle the case during the course of

11  the  conference  without  consulting  a  superior.   <u>Counsel for a</u>

12  <u>government entity may be excused from this requirement so long as</u>

13  <u>the government attorney who attends the Settlement Conference (1)</u>

14  <u>has primary responsibility for handling the case, and (2) may</u>

15  <u>negotiate settlement offers which the attorney is willing to</u>

16  <u>recommend to the government official having ultimate settlement</u>

17  <u>authority.</u>

18       3.   **Confidential Settlement Statements Required**:   No

19  later than **May 11, 2009**, the parties shall submit directly to

20  Magistrate Judge Major's chambers confidential settlement statements

21

22  _____

    [1]  "Full settlement authority" means that the individuals at the settlement
23  conference must be authorized to explore settlement options fully and to agree at that
    time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph</u>
24  <u>Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered
    discretion and authority" to change the settlement position of a party.   <u>Pitman v.</u>
25  <u>Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring
    a person with unlimited settlement authority to attend the conference contemplates that
26  the person's view of the case may be altered during the face to face conference.   <u>Id.</u>
    at 486.  A limited or a sum certain of authority is not adequate.<u>See Nick v. Morgan's</u>
27  <u>Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

28

no more than five (5) pages in length.   **These confidential statements shall not be filed or served on opposing counsel.**   Each party's confidential statement must include the following:

(a)   A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

(b)   A specific and current demand or offer for settlement addressing all relief or remedies sought.   If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

(c)   A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

4.   **Requests to Continue a Settlement Conference**:   Any request to continue the Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written _ex parte_ application**.   The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.   **Absent extraordinary circumstances, requests for continuances will not be considered unless submitted in writing no less than seven (7) days prior to the scheduled conference.**

1       **If the case is settled in its entirety before the scheduled**

2 **date of the conference, counsel and any unrepresented parties must**

3 **still appear in person, unless a written joint notice confirming the**

4 **complete settlement of the case is filed no fewer than twenty-four**

5 **(24) hours before the scheduled conference.**

6       **IT IS SO ORDERED.**

7

8 DATED:  February 5, 2009

9

10                         BARBARA L. MAJOR

                        United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      08cv417-L (BLM)