```
SIMPSON & MOORE, LLP
Sean Simpson, Bar #145514
Charles Moore, Bar #180211
121 Broadway, Suite 644
San Diego, California 92101
Telephone: (619) 236-9696
Facsimile: (619) 236-9697

Attorneys for Plaintiff ROSARIO JUAREZ
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ, <br><br> Plaintiff, <br><br> v. <br><br> AUTO ZONE STORES, Inc.; and DOES 1 through 20 <br><br> Defendants. | CASE NUMBER: 08CV417-L (BLM) <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **DISCRIMINATION IN EMPLOYMENT (FEHA)** <br> 2. **FAILURE TO PAY WAGES (Cal. Labor Code §§203, 1194)** <br> 3. **FAILURE TO PAY WAGES (Fair Labor Standards Act, 29 U.S.C. §216)** <br> 4. **UNFAIR COMPETITION (Bus. & Prof. Code §17200 et seq.)** <br> 5. **UNJUST ENRICHMENT** <br> 6. **DISCRIMINATION IN EMPLOYMENT (TITLE VII).** |

COMES NOW plaintiff, ROSARIO JUAREZ, and for causes of action against defendants and each of them, complains and alleges as follows:

**<u>CERTIFICATION OF PROPER VENUE</u>**
**(Local Rule 6.8(b))**

Plaintiff Rosario Juarez (hereinafter "Juarez") hereby certifies that the downtown branch of the San Diego Superior Court is a proper venue for this action by virtue of: (1) Auto Zone Stores, Inc. at all relevant times conducted business on a regular basis in the County of San Diego, California (2)

the subject contract establishes that venue is proper in this court; and (3) The acts and/or omissions of the causes of action herein alleged took place in the County of San Diego, California. Further, the amount in controversy exceeds the $25,000.00 jurisdictional minimum of the Superior Court.

**GENERAL ALLEGATIONS**

1. Plaintiff, Rosario Juarez, is an individual and is now and at all times relevant in this complaint had his place of residence in the County of San Diego, State of California.

2. Defendant AUTO ZONE STORES (hereinafter "AUTO ZONE"), a business entity form unknown, at all times relevant in this complaint was, doing business within the County of San Diego, State of California. At all relevant times, is located at 2500 Plaza Boulevard East, National City, CA 91950. AUTOZONE is in the business of owning and operating a large nationwide chain of retail auto parts stores. AUTOZONE operates over 400 such stores in California.

3. Plaintiff JUAREZ is unaware of the true names and capacities of the defendants named as DOES 1-20, and therefore sues these defendants as fictitious parties. Plaintiff will, upon learning the true names and capacities of these DOE defendants, seek leave to amend the complaint so that the true names and capacities of these individuals may be added to the complaint. At this time, plaintiff JUAREZ states on information and belief that each of the fictitiously named defendants is and/or acted as the agent of the other defendants and is responsible for the occurrences herein alleged, and is liable to plaintiff for the damages proximately caused thereby.

4. JUAREZ was hired by AUTO ZONE to work as an hourly wage employee starting on or about December, 2000. Within Autozone all employees are known as Autozoners. JUAREZ was hired as a retail sales person that AUTOZONE calls a Customer Service Representative ("CSR"). These employees are also called "Red shirts" because they all wore red shirts. The shirt color denotes whether AUTOZONE considers an employee to be part of management ("grey shirts") or line level (red shirts).

5. JUAREZ was promoted to Parts Sales Manager ("PSM") on or about April 2001. Although she continued to be an hourly wage employee, AUTOZONE considered this position as part of management and JUAREZ was told to wear the grey shirts. AUTOZONE required its employees to purchase the uniform shirts. JUAREZ received a pay increase with this promotion.

6. On or about October 2004, JUAREZ was promoted to Store Manager. She was recommended for the promotion by her then store manager, Mr. Goggins. The Store Manager position was also an hourly wage position. JUAREZ received a pay increase with the promotion. The promotion was approved by the then District Manager, Jose Luis Torres. JUAREZ planned to make a career at AUTOZONE and hoped to eventually become a District Manager. Subsequent to her promotion, Torres left the company and was replaced by Kent McFall. McFall became JUAREZ's direct supervisor. JUAREZ is informed and believes and thereon alleges that although she received a pay increase upon her promotion to PSM, she was paid less than her male counterparts for the same work and she continued to be paid less than her male counterparts for the same work throughout her employment with AUTOZONE. JUAREZ is informed and believes and thereon alleges that AUTOZONE paid women employees less than their male counterparts.

7. JUAREZ at all times performed her job satisfactorily and met all reasonable expectations. After being promoted, JUAREZ became aware that there were very few women store managers at AUTOZONE – of 98 stores in the San Diego region, only 10 had women managers. There were only a couple of women District Managers in the 9 district San Diego region. The two women District Managers left the company and were replaced with men. JUAREZ had at least one woman PSM in her store that was very good and she recommended her to be promoted to Store Managers. All open store manager positions were given to male employees. AUTOZONE had a "glass ceiling" that prevented women from rising within the store operations part of the company.

8. AUTOZONE's "glass ceiling" for women employees was perpetuated through an opaque promotion process. Plaintiff is informed and believes and thereon alleges that the opaque promotion procedure was adopted for the purpose of keeping qualified women from being promoted to store manager positions based on discriminatory animus. Plaintiff was promoted following a complaint to AUTOZONE's Human Resources regional manager, Staci Saucier, plaintiff informed Ms. Saucier that she was considering legal action. Abruptly, after the meeting with Ms. Saucier, plaintiff was informed that she would be promoted to store manager.

9. In September 2005, JUAREZ became pregnant. The District Manager, McFall, learned that JUAREZ was pregnant in November 2005. His attitude towards JUAREZ changed. McFall told

First Amended Complaint, Page 3

1  JUAREZ that because she was pregnant, she could not handle the job and she should step down from her Store Manager position to again be a PSM. JUAREZ refused. McFall continued to chide her about not being able to handle her job although JUAREZ was at all times able to perform her duties. Her store made money for AUTOZONE.

10. JUAREZ's son was born in May 2005. McFall continued to tell JUAREZ she could not be a mother and handle her job and suggest she step down. AUTOZONE demoted her to PSM with a pay decrease in February 2006.

11. While JUAREZ worked as a store manager she was required to work hours off-the-clock. AUTOZONE's practice was to have the District Managers conduct periodic meetings with the Store Manager and give them a list of things that had to be done before the next meeting. The lists generally included the inventory of various store items and other tasks. The Store Managers were also allowed only 10 hours of overtime per week. The Store Managers were also given a labor budget, i.e. how many employees they were permitted for their store and how many hours they could schedule. They were also given instructions to reduce labor as much as possible. If they exceeded these budgets for their own hours or their employees' hours, they would be written up and face other disciplinary action up to and including termination. The Store Managers worked on the store sales floor and at the cash registers as "overflow", i.e. when the store was busy, they had to help customers. The result of the labor budget was that the store was constantly understaffed to cut costs and the store managers were on the sales floor most hours of the day. This created a situation where the store manager could not possibly complete all assigned tasks in the allowed 50 hours per week. JUAREZ was faced with this situation – she could not keep the store running, helping the customers, meeting sales goals, and do all the tasks required of the store manager in the allotted 50 hours. In order to keep her job, she was in the position of having to work off-the-clock uncompensated hours.

12. Plaintiff is informed and believes and thereon alleges that AUTOZONE designed their procedures so as to routinely put managers, such as JUAREZ, in the position where they were forced to work hours off-the-clock.

13. After plaintiff was demoted, she was told that she would have to wait one year before she could again be considered for promotion to a store manager position. After the one year period

passed in February 2007, plaintiff again began asking her District Managers to be promoted to store manager. After being demoted, AUTOZONE routinely took advantage of plaintiff's experience as a store manager by having her perform store manager duties without promoting her to store manager or paying her store manager pay. Plaintiff witnessed less qualified male employees being promoted to store manager positions ahead of her. Plaintiff requested that she be promoted to store manager every couple of months but was never considered for such a position.

14. Plaintiff was terminated from her position as a PSM on or about November 20, 2008. Plaintiff was terminated, at least in part, in retaliation for filing the instant suit and because of gender discrimination.

## **FIRST CAUSE OF ACTION**

### **Discrimination in Violation of Govt. Code §12900 et seq.**

15. The allegations of paragraphs 1 through 14, inclusive, are realleged and incorporated by reference.

16. At all times relevant in this complaint, Government Code sections 12900 et. seq. (Fair Employment and Housing Act (FEHA)) were in full force and effect, and were binding upon all defendants and each of them. Government Code section 12940 requires that employers refrain from discriminating against or harassing any employee on the basis of sex and from discriminating against any employee on the basis of pregnancy. Plaintiff has complied with the requirements of FEHA that she file a complaint with the Department of Fair Employment and Housing ("DFEH") and obtained a right-to-sue letter duly issued by the DFEH. This action is being commenced within the time period permitted by the right-to-sue letter issued by the DFEH.

17. Following her termination on November 20, 2008, plaintiff again complied with the exhaustion of administrative remedies provisions of the FEHA and filed a complaint with the DFEH on January 26, 2009. The DFEH issued a right to sue letter on February 5, 2009. This amendment to the complaint is being sought within the time permitted by the right-to-sue letter issued by the DFEH.

18. As a direct and proximate result of defendants' conduct, plaintiff has lost income

1 and benefits including medical and other employment benefits, retirement benefits, and other related benefits.

19. As a further direct and proximate result of defendants' demotion of plaintiff from Store Manager to PSM, and subsequent termination of employment, plaintiff has suffered emotional injury and mental distress.

20. Plaintiff JUAREZ has been required to obtain legal counsel to protect her rights, and she thereby has incurred attorney fees in an amount to be proven at the time of trial. As provided under Government Code sections 12900 et. seq., and specifically section 12965(b), and Civil Code plaintiff requests an award of reasonable attorney fees against all defendants.

21. Pursuant to Government Code section 12926(c), plaintiff JUAREZ seeks recovery against defendant AUTOZONE and other individuals named as DOES.

22. The conduct of defendants, including their agents and employees, was done with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage plaintiff, which conduct was despicable, egregious and oppressive, and constituted fraud, malice or oppression as defined by Civil Code section 3294. Therefore, plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of defendants, in a sum to be proven at trial..

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages – Labor Code §§203, 1194

23. The allegations of paragraphs 1 through 22, inclusive, are realleged and incorporated by reference.

24. Plaintiff had an employment relationship with Defendant AUTOZONE and/or Does 1-10 from 2000 through the present.

25. Plaintiff worked overtime on or about every week that she was employed in the position of Store Manager, from October 2004 through February 2006, until demoted to PSM.

26. Defendants AUTOZONE and/or Does 1-10, failed to pay Plaintiff overtime compensation.

27. Plaintiff routinely worked longer than 8 hours per day without any compensation for overtime by Defendants AUTOZONE and/or Does 1-10.

28. Defendants AUTOZONE and/or Does 1-10 and/or each of them refused or neglected to make records of the amount of time Plaintiff and/or other employees worked and/or worked overtime.

29. Defendants conduct in not paying Plaintiff anything for overtime compensation was in violation of law.

30. Plaintiff therefore prays for the amount of the unpaid overtime compensation, for interest due from the day such amounts were due, for penalty equal to 30 days wages pursuant to California Labor Code Sec. 203, for reasonable attorneys fees pursuant to Labor Code Sec. 1194, for costs of suit herein, and/or for equitable relief.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime and Equal Compensation - Fair Labor Standards Act**

31. The allegations of paragraphs 1 through 30, inclusive, are realleged and incorporated by reference.

32. AUTOZONE was in violation of the Fair Labor Standards Act, when it refused to pay JUAREZ overtime that he was owed. AUTOZONE was also in violation of the Equal Pay Act when it failed to pay plaintiff the same as male employees doing the same or similar work.

33. AUTOZONE had a pattern and practice of failing to pay overtime wages to plaintiff, who worked substantial overtime hours. AUTOZONE had a pattern and practice of failing to pay female employees the same as male employees performing the same or similar work, in violation of the Equal Pay Act. Plaintiff exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission and received her right-to-sue letter on February 27, 2009.

34. AUTOZONE's afore stated company practices were in violation of the Fair Labor Standards Act. Said violations were wilful in that AUTOZONE knew or should have known that said practices were in violation of law. AUTOZONE had no reasonable belief that such practices were in compliance with the Fair Labor Standards Act.

35. Plaintiff therefore prays for the amount of unpaid overtime compensation, for interest due from the day such amounts were due, for liquidated damages pursuant to 29 U.S.C. §216(b), for reasonable attorneys fees pursuant to 29 U.S.C. §216(b), for costs of suit herein, and/or for equitable relief.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices - Bus. & Prof. Code §17200

36. Plaintiff incorporates paragraphs 1-35 as though fully alleged herein.

37. AUTOZONE acquired moneys required to be paid under the overtime laws by an unlawful practice. AUTOZONE's failure to pay overtime wages owed to its employees, including plaintiff, constitutes an unfair business practice under Bus. & Prof. Code §17200 et seq.

38. Plaintiff prays for restitution of all moneys unlawfully acquired by AUTOZONE pursuant to Bus. & Prof. Code §17203 and such other equitable relief as the court deems proper.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment And/or for Quantum Meruit

39. Plaintiff incorporates paragraphs 1-38 as though fully alleged herein.

40. Plaintiff had an employment relationship with Defendants AUTOZONE and/or Does 1-10.

41. Plaintiff was not paid for the hours that he worked for Defendants and/or was not paid anything for overtime work in excess of time that he worked 8 hours of work daily for Defendants.

42. By failing to pay Plaintiff money for his overtime work, Defendants AUTOZONE and/or Does 1-10 were unjustly enriched.

43. Plaintiff therefore prays for quantum meruit payment, interest, and for all other damages and equitable relief permitted under law.

## SIXTH CAUSE OF ACTION

### Discrimination in violation of Title VII of the Civil Rights Act

44. The allegations of paragraphs 1 through 43, inclusive, are realleged and incorporated by reference.

45. At all times relevant in this complaint, the provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) were in full force and effect, and were binding upon all defendants and each of them. Title VII requires that employers refrain from discriminating against or harassing any employee on the basis of sex and from discriminating against any employee on the basis of pregnancy.

46. Plaintiff has complied with the requirements of Title VII that she file a complaint with the Equal Employment Opportunity Commission ("EEOC") and obtained a right-to-sue letter duly

issued by the EEOC. The Right-to-Sue letter was dated February 24, 2009 and was received by plaintiff on February 27, 2009. This action is being commenced within the time period permitted by the right-to-sue letter issued by the EEOC. AUTOZONE is a large corporation and employed more than 500 employees continuously throughout plaintiff's nine years of employment.

47. As a direct and proximate result of defendants' conduct, plaintiff has lost income and benefits including medical and other employment benefits, retirement benefits, and other related benefits. Plaintiff seeks recovery of said income and benefits.

48. As a further direct and proximate result of defendants' termination of plaintiff's employment, plaintiff has suffered emotional injury and mental distress. AUTOZONE'S conduct constitutes unlawful intentional discrimination. Plaintiff seeks recovery, in addition to back pay and benefits, of compensatory damages of $300,000.00. (42 U.S.C. §1981a)

49. Plaintiff JUAREZ has been required to obtain legal counsel to protect her rights, and she thereby has incurred attorney fees in an amount to be proven at the time of trial. Plaintiff seeks reasonable attorneys fees.

50. Pursuant to Title VII, plaintiff JUAREZ seeks recovery against defendant AUTOZONE and other individuals named as DOES.

51. The conduct of defendants, including their agents and employees, was done with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage plaintiff, which conduct was despicable, egregious and oppressive, and constituted fraud, malice or reckless indifference to plaintiff's federally protected rights. Therefore, plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of defendants, in a sum to be proven at trial.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

On the First Cause of Action:

1. For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other general and special damages according to proof;

2. For incidental, consequential and punitive damages according to proof;

3. For prejudgment interest at the legal rate;

4. For attorney fees as provided for under any statutory provision;

On the Second Cause of Action:

5. Unpaid overtime wages plus interest thereon under Cal. Labor Code §1194.

6. For damages due to unequal pay.

7. Penalty as permitted under Cal. Labor Code §203.

8. For attorney fees as provided for under Cal. Labor Code §1194.

On the Third Cause of Action:

9. Unpaid overtime wages plus interest thereon under 29 U.S.C. §216(b).

10. For damages due to unequal pay.

11. Liquidated damages as permitted under 29 U.S.C. §216(b).

12. For attorney fees as provided for under 29 U.S.C. §216(b).

On the Fourth Cause of Action:

13. For restitution.

14. For attorney fees pursuant to CCP §1021.5.

On the Fifth Cause of Action:

15. Unpaid wages and overtime wages plus interest thereon.

On the Sixth Cause of Action:

16. For damages including lost wages, lost employee benefits, bonuses, vacation benefits, according to proof;

17. For compensatory damages including mental and emotional distress, and other general and special damages consequential according to proof;

18. For punitive damages according to proof;

19. For prejudgment interest at the legal rate;

20. For attorney fees;

///

///

<u>On All Causes of Action</u>:

21. For costs of suit and for such other and further relief as the court deems just and proper.

            SIMPSON & MOORE LLP

DATED: March 10, 2009      by  s/Charles Moore
             SEAN SIMPSON or CHARLES MOORE
             Attorneys for Plaintiff ROSARIO JUAREZ

g:\wp\0267-060-JUA\plead\Juarez02Complaint.FAC

SIMPSON & MOORE, LLP
Sean Simpson, Bar #145514
Charles Moore, Bar #180211
121 Broadway, Suite 644
San Diego, California 92101
Telephone: (619) 236-9696
Facsimile: (619) 236-9697

Attorneys for Plaintiff ROSARIO JUAREZ

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ, ) | CASE NUMBER: 08-CV-0417 L BLM |
| ) | |
| Plaintiff, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| v. ) | |
| ) | |
| AUTO ZONE STORES, Inc.; and DOES 1 ) through 20 ) | |
| ) | |
| Defendants. ) | |

# Mailing Information for a Case 3:08-cv-00417-L-BLM

1:**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

**Justin Morello**

jmorello@littler.com

**Gregg C Sindici**

gsindici@littler.com,lchristy@littler.com

.

Date: March 19, 2009    By:    s/Charles Moore
                                Charles Moore
                                Attorney for Plaintiff ROSARIO JUAREZ

g:\wp\0267-060-JUA\plead\OSCENE01.DEC