UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>AUTOZONE STORES, INC., et al.,<br><br>                    Defendants. | Civil No. 08cv417-L (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE DATES**<br><br>[Doc. No. 46] |

On August 24, 2009, the parties filed another joint motion to continue "the discovery cut-off, Mandatory Settlement Conference, and filing deadline for dispositive motions and other pretrial motions." Doc. No. 46 at 2. The Court denied a similar request on August 13, 2009, finding that "the parties have failed to show the requisite good cause to modify the Court's scheduling order for the ninth time." Doc. No. 45 at 2-3. In the instant motion, the parties argue that good cause exists to modify the Court's Case Management Order because "the parties have been working diligently" and "it now appears, for reasons includ[ing] Defendant and its counsel's trial schedules, to the [p]arties that the time line set forth in the controlling Case Management Order will not allow the

1 [p]arties to complete discovery, explore settlement options, or be
2 fully prepared for trial." Doc. No. 46 at 2.

3 While the parties claim diligence, they provide no facts or evidence to support their claim and the record belies it. As described in the Court's last order, this non-complex case has been at issue since May 2008 and the Court has accommodated the parties' requests to continue discovery deadlines at least eight times. Doc. No. 45. In the instant request, the parties do not describe what discovery, if any, has been completed during the last fifteen months; they do not identify or describe any obstacles that have prevented them from completing discovery in a timely manner; and, they do not describe the remaining (presumably limited) discovery that needs to be completed. Doc. No. 46. Rather, the parties simply state that they "have made initial disclosures and supplemented those disclosures, responded to written discovery, depositions are moving forward or are being scheduled, and a list of retained experts have been exchanged." Id. at 2. Such minimal discovery efforts over fifteen months does not constitute diligence or establish good cause for a ninth extension of the discovery deadlines. The fact that counsel is about to commence a trial in an unrelated case (id.) does not rectify the lack of diligence for the past fifteen months. Accordingly, the parties' joint motion to continue the discovery and pre-trial motions deadlines is **DENIED**.

However, because counsel and the Defendant will be in trial, the Court **GRANTS** the parties' request to continue the Mandatory Settlement Conference ("MSC") currently scheduled for September 11, 2009 at 9:30 a.m. The MSC is **CONTINUED** to **October 26, 2009** at **1:30 p.m.** All requirements pertaining to the previously-set MSC,

including the requirement that all counsel and parties appear in person, apply.  Confidential settlement briefs shall be filed no later than **October 19, 2009**.

**IT IS SO ORDERED.**

DATED:  August 25, 2009

*Barbara L. Major* (signature)

BARBARA L. MAJOR
United States Magistrate Judge