UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSARIO JUAREZ, | ) | Civil No. 08cv417-L(BLM) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (3) REFERRING CASE TO THE MAGISTRATE JUDGE FOR FURTHER CASE MANAGEMENT** |
| AUTO ZONE STORES, INC., | ) ) | |
| Defendant. | ) ) ) ) | |

In this employment discrimination and labor law case, Defendant filed a motion for summary judgment and Plaintiff filed a motion for leave to file a second amended complaint. Both motions are opposed. For the reasons which follow, Plaintiff's motion for leave amend is **GRANTED**, Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE**, and the case is **REFERRED** to the Hon. Barbara L. Major for further case management.

Plaintiff was employed by Defendant initially as a retail sales person, then a Parts Sales Manager, and ultimately a Store Manager. After she became pregnant, she was demoted and later terminated. She alleged that Defendant had a policy against promoting women, that she was discriminated against based on gender and pregnancy, and that she was demoted and later terminated for having complained about it. In addition, Plaintiff was allegedly not compensated as required by California and federal labor laws.

She filed a complaint in State court, which Defendant removed based on diversity jurisdiction. Because Plaintiff was terminated during the pendency of this action, the parties stipulated to amend the complaint. Subsequently, the parties completed discovery and Defendant filed a summary judgment motion. After the motion was submitted, and after the expiration of the deadline for amendment of pleadings, Plaintiff filed the instant motion.

During the briefing on the summary judgment motion, Plaintiff's counsel substituted another counsel as second chair in two jury trials against Defendant involving similar claims as those alleged by Plaintiff in this action.[1] (Decl. of Charles Moore at 2.) Four calendar days after verdict in the second trial, Plaintiff filed the instant motion to supplement the complaint with new facts learned in the course of the two trials.

In the first amended complaint Plaintiff alleged claims for employment discrimination under the Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.* ("FEHA"); failure to pay wages under California Labor Code Sections 203 and 1194; failure to pay wages under the Fair Labor Standards Act, 29 U.S.C. §216; unfair competition under California Business and Professions Code Section 17200 *et seq*; unjust enrichment; and employment discrimination under Title VII. Plaintiff requests to amend the complaint and allege additional facts in support of her claims, specifically Defendants' discriminatory intent and scienter with respect to the labor law violations. The proposed second amended complaint also breaks down the FEHA claim into four distinct causes of action: (1) pregnancy and sex discrimination, (2) pregnancy and sex harassment, (3) retaliation, and (4) failure to prevent discrimination, harassment and retaliation. Plaintiff will drop the Title VII and Equal Pay Act claims.

When, as here, the case management deadline for amending pleadings has passed, the plaintiff must show good cause under Federal Rule of Civil Procedure 16(b) to extend the deadline before leave to amend can be granted. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The "good cause" inquiry "primarily considers the diligence

---

[1] Kell v. Autozone, Inc., Sacramento Superior Court case no. 07AS04375, tried from December 4, 2009 through January 19, 2010, and Cosby v. Autozone, Inc., United States District Court, Eastern District of California case no. 08cv505-LKK-DAD, tried through February 12, 2010.

of the party seeking the amendment." *Id.* at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The court may allow a post-deadline amendment if the deadline could not reasonably have been met despite the diligence of the moving party. *Id.*

Plaintiff filed the motion for leave to amend four calendar days (one business day) after the verdict in the second trial. The court therefore cannot conclude that Plaintiff was dilatory in filing the motion after learning the pertinent facts. She also asserts that she did not know the new facts before the due date for amending pleadings had passed, she first learned them during the two trials, and could not have learned them sooner, because Defendant did not disclose them in discovery in this case, although they were covered by Plaintiff's requests. (*See* Pl.'s Reply at 2, 4 & 5.) Based on the foregoing, Plaintiff has shown good cause under Rule 16(b) to extend the due date for amendment of pleadings.

Rule 15 provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the foregoing factors, the "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Defendant argues that this action will be unduly delayed and Defendant will be prejudiced if leave to amend is granted because Defendant has already filed and fully briefed a summary judgment motion and because the amendment would likely necessitate more pleading, discovery and briefing. This argument is unpersuasive because Defendant could have avoided the delay and the associated cost if it had forthrightly responded to Plaintiff's discovery in the first place. In addition, the argument is overstated. Defendant does not dispute that its counsel

in this action also represented it in the two trials where Plaintiff learned the additional facts. (*See* Pl.'s Mem. of P.&A. at 4.) Accordingly, while the new facts were new to Plaintiff, they are not new to Defendant. Defendant does not contend that the delay will cause any evidence to be lost or that any other harm to its ability to present its case will ensue. Its argument regarding undue delay and prejudice is therefore rejected.

Next, Defendant contends that the timing of Plaintiff's motion, after close of discovery and a fully-briefed summary judgment motion, shows that it was filed in bad faith. Although the timing is inconvenient for everyone in this case, Defendant presented no evidence of Plaintiff's bad faith. To the contrary, Plaintiff filed her motion immediately after learning of the relevant facts.

Last, Defendant argues that amendment should be denied because the claims for harassment and failure to prevent harassment would be futile based on failure to exhaust administrative remedies and statute of limitations. FEHA requires a potential plaintiff to file an administrative charge and that a right-to-sue letter be issued before a lawsuit can be filed. *See* Cal. Gov't Code § 12960. Defendant's exhaustion argument is based on the premise that Plaintiff's proposed amendment is outside the scope of her two previous administrative charges. The court disagrees.

Administrative charges are construed with utmost liberality. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Allegations of discrimination not included the administrative charge may not be considered unless the new claims are like or reasonably related to the allegations in the administrative charge. *Id*. Upon review of Plaintiff's administrative charges, the first amended complaint, and the proposed second amended complaint, it is apparent that although the proposed amendment is more factually specific, the claims are based on essentially the same events and legal theories, *i.e.*, that Plaintiff was demoted and then terminated because of her gender and pregnancy and because she complained to Defendant about its policies toward women. Even Plaintiff's harassment claim appears to be based on the same facts as her discrimination claim – that her supervisor repeatedly badgered her to step down as the Store Manager because she was pregnant, and later, because she had a child. (*See*

First Am. Compl. at 4.)  It also appears that Plaintiff intends to use the same evidence of Defendant's discriminatory intent in support of her discrimination and harassment claims.

Defendant also contends that the new causes of action are time-barred.  This argument is based on the premise that they would not relate back pursuant to Rule 15(c).  The court disagrees for the same reasons it disagrees with Defendant's failure to exhaust argument.

Based on the foregoing and in the interests of justice, Plaintiff's motion for leave to amend is **GRANTED** to allow her to fully present her case.  On the other hand, Defendant indicated that granting leave to amend would necessitate further summary judgment briefing.  (*See* Opp'n at 3 & 12.)  Defendant is entitled to fully brief Plaintiff's new claims.  Its pending summary judgment motion is therefore **DENIED WITHOUT PREJUDICE** to allow it, after further discovery, to brief all issues raised by the second amended complaint it deems appropriate for summary judgment.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's motion for leave to amend is **GRANTED**.  No later than **September 13, 2010**, Plaintiff shall file and serve the proposed second amended complaint she filed as an exhibit in support of her motion.

2. Defendant may respond to the amended complaint no later than within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

3. Defendant's motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

4. This case is **REFERRED** to the Hon. Barbara L. Major for further pre-trial case management.

**IT IS SO ORDERED.**

DATED: September 3, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL