1  GREGG C. SINDICI, Bar No. 058314
   gsindici@littler.com
2  JOSHUA D. LEVINE, Bar No. 239563
   jdlevine@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  501 W. Broadway, Suite 900
   San Diego, CA  92101.3577
5  Telephone:   619.232.0441
   Facsimile:   619.232.4302
6
7  Attorneys for Defendant
   AUTOZONE STORES, INC.

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10 | ROSARIO JUAREZ,                  | Case No.  08CV417-L (BLM)
11 |         Plaintiff,               | **DEFENDANT AUTOZONE STORES, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**
12 |     v.                           |
13 | AUTOZONE STORES, INC.,           |
14 |         Defendant.               | SAC Filed:  September 7, 2010

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND
AMENDED COMPLAINT

(No.  08CV417-L (BLM))

Defendant AUTOZONE STORES, INC. ("Defendant") answers Plaintiff's Second Amended Complaint as follows:

1. Answering the allegations of Paragraph 1, Defendant admits Plaintiff was employed at various AutoZone retail stores during the period of 2000 through 2008. Defendant is without knowledge or information sufficient to enable it to admit or deny any other allegations contained in Paragraph 1 of the Second Amended Complaint and on that basis denies said allegations.

2. Answering the allegations of Paragraph 2, Defendant admits that AutoZone Stores, Inc. is a corporation. Defendant admits that there is an AutoZone retail store at 2500 Plaza Boulevard East, National City, CA 91950. Defendant admits AutoZone retail stores are operated nationwide, including over 400 retail stores in California. Defendant admits that there are AutoZone retail stores in the County of San Diego and that AutoZone has offices in the County of San Diego. Defendant admits that it regularly employs five or more people in the state of California. Defendant alleges that no answer is required for the remainder of Paragraph 2 as it consists entirely of legal arguments and/or assertions and on that basis denies said allegations.

3. Answering the allegations of Paragraph 3, Defendant admits that jurisdiction and venue are proper in this Court.

4. Answering the allegations of Paragraph 4, Defendant alleges that no answer is required as Paragraph 4 consists entirely of legal arguments and/or assertions. To the extent that an answer is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 4 and on that basis denies said allegations.

5. Answering the allegations of Paragraph 5, Defendant admits that Plaintiff was hired to work as an employee paid on an hourly basis and that she was employed on such basis in December of 2000. Defendant admits that AutoZone retail store employees are, at times, referred to as "Autozoners." Defendant admits plaintiff began her employment as a Customer Service Representative ("CSR") and that CSRs typically wear red shirts. Defendant admits that some employees in AutoZone retail stores wear red shirts and some employees wear grey shirts. Defendant alleges that no further answer is required as the other allegations in Paragraph 5 consist

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT   1.   (No. 08CV417-L (BLM))

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  entirely of legal argument and/or assertions and unless specifically admitted, denies the allegations
2  in Paragraph 5.

3        6.    Answering the allegations of Paragraph 6, Defendant admits that during her
4  employment, Plaintiff was promoted to a position known as Parts Sales Manager ("PSM").
5  Defendant admits PSMs at its retail stores generally wear grey shirts. Defendant admits that Plaintiff
6  was given a pay increase with her promotion. Defendant alleges that no further answer is required as
7  the other allegations in Paragraph 6 consist entirely of legal argument and/or assertions and unless
8  specifically admitted, denies the allegations in Paragraph 6.

9        7.    Answering the allegations of Paragraph 7, Defendant alleges that no answer
10 is required as the allegations in Paragraph 7 consist entirely of legal argument and/or assertions, and
11 to the extent a response is required, Defendant denies the allegations contained in Paragraph 7.

12       8.    Answering the allegations of Paragraph 8, Defendant alleges that no answer
13 is required as the allegations in Paragraph 8 consist entirely of legal argument and/or assertions, and
14 to the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

15       9.    Answering the allegations of Paragraph 9, Defendant admits that AutoZone
16 operates approximately 4,000 stores across the United States and abroad. Defendant admits that
17 within the United States, Autozone has divided the management of its stores into Divisions, Regions
18 and Districts.

19       10.    Answering the allegations of paragraph 10, Defendant admits that AutoZone
20 acquired another auto parts retailer, Chief Auto Parts, in 1998 and that Chief stores in California
21 were converted into AutoZone stores.

22       11.    Answering the allegations of Paragraph 11, Defendant admits that AutoZone
23 acquired Chief Auto Parts in 1998. Defendant alleges that no answer is required as the other
24 allegations in Paragraph 11 consist entirely of legal argument and/or assertions, and to the extent a
25 response is required, Defendant denies the allegations contained in Paragraph 11.

26       12.    Answering the allegations of Paragraph 12, Defendant admits that at various
27 times Rick Smith was the Vice President of Operations for Autozone's Western Division, which is
28 divided into Regions and Districts.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND
AMENDED COMPLAINT     2.    (No. 08CV417-L (BLM))

1    13.    Answering the allegations of Paragraph 13, Defendant alleges that no answer
2  is required as the allegations in Paragraph 13 consist entirely of legal argument and/or assertions,
3  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 13.

4    14.    Answering the allegations of Paragraph 14, Defendant alleges that no answer
5  is required as the allegations in Paragraph 14 consist entirely of legal argument and/or assertions,
6  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 14.

7    15.    Answering the allegations of Paragraph 15, Defendant admits that during her
8  employment, Plaintiff was promoted to a position as Store Manager.  Defendant admits the position
9  of Store Manger is paid by the hour.  Defendant admits Plaintiff received a pay increase when she
10  was promoted to Store Manager.  Defendant admits that Plaintiff's promotion would have been
11  approved by the District Manager at that time.  Defendant admits that at times during her
12  employment as Store Manager, she reported to Kent McFall.  Defendant alleges that no further
13  answer is required as the other allegations in Paragraph 15 consist entirely of legal argument and/or
14  assertions and unless specifically admitted, denies the allegations in Paragraph 15.

15    16.    Answering the allegations of Paragraph 16, Defendant alleges that no answer
16  is required as the allegations are vague, ambiguous, and lack sufficient specificity to enable it to
17  admit or deny said allegations, and on that basis, denies the allegations contained in Paragraph 16.

18    17.    Answering the allegations of Paragraph 17, Defendant admits that at times
19  during Plaintiff's employment as Store Manager, she reported to Kent McFall.  Defendant alleges
20  that no further answer is required as the other allegations in Paragraph 17 consist entirely of legal
21  argument and/or assertions and unless specifically admitted, denies the allegations in Paragraph 17.

22    18.    Answering the allegations of Paragraph 18, Defendant alleges that no answer
23  is required as the allegations in Paragraph 18 consist entirely of legal argument and/or vague
24  assertions, and to the extent a response is required, Defendant denies the allegations contained in
25  Paragraph 18.

26    19.    Answering the allegations of Paragraph 19, Defendant alleges that no answer
27  is required as the allegations in Paragraph 19 consist entirely of legal argument and/or assertions,
28  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 19.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND
AMENDED COMPLAINT                  3.                    (No. 08CV417-L (BLM))

20. Answering the allegations of Paragraph 20, Defendant is without knowledge or information sufficient to enable it to admit or deny when Plaintiff learned of her pregnancy or actually became pregnant. Defendant admits Kent McFall became aware that Plaintiff was pregnant in December 2005. Defendant admits that during the time Plaintiff managed store 5659, that store showed negative year over year sales growth. On information and belief, Defendant denies the remainder of the allegations contained in Paragraph 20.

21. Answering the allegations of Paragraph 21, Defendant is without information or belief sufficient to enable it to admit or deny whether Plaintiff's son was born in May 2005 and on that basis denies said allegation. Defendant denies the remainder of the allegations contained in Paragraph 21.

22. Answering the allegations of Paragraph 22, Defendant alleges that no answer is required as the allegations in Paragraph 22 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 22.

23. Answering the allegations of Paragraph 23, Defendant admits that District Managers would meet with Store Managers. Defendant admits that at times during those meetings, a District Manager could give Store Managers lists of tasks to complete. Defendant admits that AutoZone stores operate on budgets and that labor is a line item on the store budgets. Defendant admits that part of a Store Manager's job was to help customers at the manager's store. Defendant denies the remainder of the allegations contained in Paragraph 23.

24. Answering the allegations of Paragraph 24, Defendant admits that prior to 2001, AutoZone classified its California store managers as non-exempt and paid them on a salary basis. Defendant alleges that no further answer is required as the remainder of the allegations in Paragraph 24 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

25. Answering the allegations of Paragraph 25, Defendant alleges that no answer is required as the allegations in Paragraph 25 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 25.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT   4.   (No. 08CV417-L (BLM))

1    26.    Answering the allegations of Paragraph 26, Defendant alleges that no answer is required as the allegations in Paragraph 26 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.    Answering the allegations of Paragraph 27, Defendant admits that in February 2006 Plaintiff was demoted from a position as Store Manager to PSM.  Defendant admits that Plaintiff worked as a PSM from February 2006 until her termination in November 2008.  Defendant is without knowledge or information sufficient to enable it to admit or deny any other allegations contained in Paragraph 27 and on that basis denies said allegations.

28.    Answering the allegations of Paragraph 28, Defendant alleges that no answer is required as to the allegations regarding what Plaintiff was told after her demotion and her statements to "District Managers" in February 2007 as these allegations are vague, ambiguous, and lack sufficient specificity to enable Defendant to admit or deny said allegations, and on that basis, Defendant denies these allegations.  Defendant alleges that no further answer is required as the remainder of the allegations in Paragraph 28 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 28.

29.    Answering the allegations of Paragraph 29, Defendant is without knowledge or information sufficient to enable it to admit or deny any other allegations contained in Paragraph 29 and on that basis denies said allegations.

30.    Answering the allegations of Paragraph 30, Defendant admits Plaintiff was terminated in November 2008.  Defendant alleges that no further answer is required as the remainder of the allegations in Paragraph 30 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 30.

31.    Answering the allegations of Paragraph 31, Defendant admits Plaintiff was terminated in November 2008.  Defendant alleges that no further answer is required as the remainder of the allegations in Paragraph 31 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 31.

32.    Answering the allegations of Paragraph 32, Defendant incorporates its responses to the allegations in paragraphs 1-31 of the First Amended Complaint as though set forth

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    5.    (No. 08CV417-L (BLM))

fully herein.

33. Answering the allegations of Paragraph 33, Defendant admits that Plaintiff is a female. Defendant admits that during Plaintiff's employment she became pregnant. Defendant alleges that no further answer is required as the remainder of the allegations in Paragraph 33 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 33.

34. Answering the allegations of Paragraph 34, Defendant alleges that no answer is required as the allegations in Paragraph 34 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 34.

35. Answering the allegations of Paragraph 35, Defendant alleges that no answer is required as the allegations in Paragraph 35 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 35.

36. Answering the allegations of Paragraph 36, Defendant alleges that no answer is required as the allegations in Paragraph 36 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 36.

37. Answering the allegations of Paragraph 37, Defendant alleges that no answer is required as the allegations in Paragraph 37 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 37.

38. Answering the allegations of Paragraph 38, Defendant alleges that no answer is required as the allegations in Paragraph 38 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 38.

39. Answering the allegations of Paragraph 39, Defendant alleges that no answer is required as the allegations in Paragraph 39 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 39.

40. Answering the allegations of Paragraph 40, Defendant alleges that no answer is required as the allegations in Paragraph 40 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 40.

41. Answering the allegations of Paragraph 41, Defendant alleges that no answer

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT   6.   (No. 08CV417-L (BLM))

1  is required as the allegations in Paragraph 41 consist entirely of legal argument and/or assertions,
2  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 41.

3        42.    Answering the allegations of Paragraph 42, Defendant incorporates its
4  responses to the allegations in paragraphs 1-41 of the Second Amended Complaint as though set
5  forth fully herein.

6        43.    Answering the allegations of Paragraph 43, Defendant admits that Plaintiff is
7  a female.  Defendant admits that during Plaintiff's employment she became pregnant.  Defendant
8  alleges that no further answer is required as the remainder of the allegations in Paragraph 43 consist
9  entirely of legal argument and/or assertions, and to the extent a response is required, Defendant
10  denies the allegations contained in Paragraph 43.

11        44.    Answering the allegations of Paragraph 44, Defendant alleges that no answer
12  is required as the allegations in Paragraph 44 consist entirely of legal argument and/or assertions,
13  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 44.

14        45.    Answering the allegations of Paragraph 45, Defendant alleges that no answer
15  is required as the allegations in Paragraph 45 consist entirely of legal argument and/or assertions,
16  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 45.

17        46.    Answering the allegations of Paragraph 46, Defendant alleges that no answer
18  is required as the allegations in Paragraph 46 consist entirely of legal argument and/or assertions,
19  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 46.

20        47.    Answering the allegations of Paragraph 47, Defendant alleges that no answer
21  is required as the allegations in Paragraph 47 consist entirely of legal argument and/or assertions,
22  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 47.

23        48.    Answering the allegations of Paragraph 42, Defendant incorporates its
24  responses to the allegations in paragraphs 1-47 of the Second Amended Complaint as though set
25  forth fully herein.

26        49.    Answering the allegations of Paragraph 49, Defendant alleges that no answer
27  is required as the allegations in Paragraph 49 consist entirely of legal argument and/or assertions,
28  and to the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    7.   (No. 08CV417-L (BLM))

1  50. Answering the allegations of Paragraph 50, Defendant alleges that no answer is required as the allegations in Paragraph 50 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

51. Answering the allegations of Paragraph 51, Defendant alleges that no answer is required as the allegations in Paragraph 51 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 51.

52. Answering the allegations of Paragraph 52, Defendant alleges that no answer is required as the allegations in Paragraph 52 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 52.

53. Answering the allegations of Paragraph 53, Defendant alleges that no answer is required as the allegations in Paragraph 53 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

54. Answering the allegations of Paragraph 54, Defendant incorporates its responses to the allegations in paragraphs 1-53 of the Second Amended Complaint as though set forth fully herein.

55. Answering the allegations of Paragraph 55, Defendant alleges that no answer is required as the allegations in Paragraph 55 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 55.

56. Answering the allegations of Paragraph 56, Defendant alleges that no answer is required as the allegations in Paragraph 56 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 56.

57. Answering the allegations of Paragraph 57, Defendant alleges that no answer is required as the allegations in Paragraph 57 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 57.

58. Answering the allegations of Paragraph 58, Defendant incorporates its responses to the allegations in paragraphs 1-57 of the Second Amended Complaint as though set forth fully herein.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    8.    (No. 08CV417-L (BLM))

59. Answering the allegations of Paragraph 59, Defendant alleges that no answer is required as the allegations in Paragraph 59 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 59.

60. Answering the allegations of Paragraph 60, Defendant alleges that no answer is required as the allegations in Paragraph 60 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 60.

61. Answering the allegations of Paragraph 61, Defendant incorporates its responses to the allegations in paragraphs 1-60 of the Second Amended Complaint as though set forth fully herein.

62. Answering the allegations of Paragraph 62, Defendant admits that Plaintiff was employed at various AutoZone retail stores during the period of 2000 through 2008. Answering the remaining allegations in Paragraph 62, Defendant is without knowledge to admit or deny those allegations and on that basis denies the remainder of the allegations in Paragraph 62.

63. Answering the allegations of Paragraph 63, Defendant alleges that no answer is required as the allegations are vague, ambiguous, and lack sufficient specificity to enable it to admit or deny said allegations, and on that basis, denies the allegations contained in Paragraph 63.

64. Answering the allegations of Paragraph 64, Defendant denies the allegations of Paragraph 64.

65. Answering the allegations of Paragraph 65, Defendant denies the allegations of Paragraph 65.

66. Answering the allegations of Paragraph 66, Defendant alleges that no answer is required as the allegations in Paragraph 66 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 66.

67. Answering the allegations of Paragraph 67, Defendant alleges that no answer is required as the allegations in Paragraph 67 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 67.

68. Answering the allegations of Paragraph 68, Defendant alleges that no answer is required as the allegations in Paragraph 68 consist entirely of legal argument and/or assertions,

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    9.    (No. 08CV417-L (BLM))

and to the extent a response is required, Defendant denies the allegations contained in Paragraph 68.

69. Answering the allegations of Paragraph 69, Defendant incorporates its responses to the allegations in paragraphs 1-68 of the Second Amended Complaint as though set forth fully herein.

70. Answering the allegations of Paragraph 70, Defendant alleges that no answer is required as the allegations in Paragraph 70 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 70.

71. Answering the allegations of Paragraph 71, Defendant alleges that no answer is required as the allegations in Paragraph 71 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

72. Answering the allegations of Paragraph 72, Defendant alleges that no answer is required as the allegations in Paragraph 72 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 72.

73. Answering the allegations of Paragraph 73, Defendant alleges that no answer is required as the allegations in Paragraph 73 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74. Answering the allegations of Paragraph 74, Defendant incorporates its responses to the allegations in paragraphs 1-73 of the Second Amended Complaint as though set forth fully herein.

75. Answering the allegations of Paragraph 75, Defendant alleges that no answer is required as the allegations in Paragraph 75 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 75.

76. Answering the allegations of Paragraph 76, Defendant alleges that no answer is required as the allegations in Paragraph 76 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

77. Answering the allegations of Paragraph 77, Defendant incorporates its responses to the allegations in paragraphs 1-76 of the Second Amended Complaint as though set forth fully herein.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    10.    (No. 08CV417-L (BLM))

78. Answering the allegations of Paragraph 78, Defendant admits that Plaintiff was employed at various AutoZone retail stores during the period of 2000 through 2008. Answering the remaining allegations in Paragraph 78, Defendant is without knowledge to admit or deny those allegations and on that basis denies the remainder of the allegations in Paragraph 78.

79. Answering the allegations of Paragraph 79, Defendant denies the allegations of Paragraph 79.

80. Answering the allegations of Paragraph 80, Defendant alleges that no answer is required as the allegations in Paragraph 80 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 80.

81. Answering the allegations of Paragraph 81, Defendant alleges that no answer is required as the allegations in Paragraph 81 consist entirely of legal argument and/or assertions, and to the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Second Amended Complaint and each and every alleged claim for relief therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges upon information and belief Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Second Amended Complaint, if any.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to allege special or exemplary damages with requisite specificity.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that through her Second Amended Complaint, Plaintiff fails to state facts sufficient to set forth a claim for relief for punitive, special or exemplary damages.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT     11.     (No. 08CV417-L (BLM))

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Second Amended Complaint is barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claim for emotional distress, if any, is barred in that conduct by Defendant neither contravened any established public policy nor exceeded the inherent risks of employment.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Second Amended Complaint and the claims contained therein is/are barred by the statute(s) of limitations set forth in Government Code section 12965, Code of Civil Procedure sections 203, 338, 339, 340, 343, United States Code Chapter 29 section 255, Business and Professions Code section 17208, 42 U.S.C. § 2000 *et seq.,* and any other applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff did not exercise due caution or care with respect to matters alleged in the Second Amended Complaint and that if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or diminished by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income, in satisfaction of any potential liability by Defendant in this action.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any injuries or damages of Plaintiff, if any, were caused and/or instigated by Plaintiff's own conduct, behavior, and/or negligence.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    12.    (No. 08CV417-L (BLM))

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff violated, at a minimum, her obligations as an employee under California Labor Code Sections 2854, 2856-2859.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred due to Plaintiff's failure to fully and timely exhaust her required statutory administrative remedies prior to commencing suit.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims cannot be maintained and/or recovery on them, if any, should be reduced as Plaintiff failed to exhaust any and all appropriate internal remedies in a timely manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Second Amended Complaint, and each cause of action alleged therein, are barred and/or Plaintiff's damages should be decreased because Plaintiff failed to comply with the Defendant's harassment/discrimination policy procedures concerning reporting claims of discrimination or harassment or to otherwise avoid harm in a timely manner.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges, upon information and belief, that due to after-acquired evidence of Plaintiff's on-the-job and employment-related misconduct, which would have resulted in her not being hired and/or her dismissal, Plaintiff's claims are barred and/or her damages are limited.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the provisions of California law providing for the award of punitive or exemplary damages, and the substantive rules, procedures and standards for determining the amount and/or whether or not to award such damages, and if so, in what amount, violate the due process and equal protection rights of Defendant under the Constitutions of the United States and the State of California.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT     13.     (No. 08CV417-L (BLM))

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges any conduct of its managers, while acting in the course and scope of their employment, was protected by the managerial privilege and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, for proper and lawful reasons and/or justified by legitimate and substantial business reasons.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful action, policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant and any injury to Plaintiff was caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendant and who were not within the exclusive control of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff, either as and for compensation for the same losses and damages herein alleged or otherwise, received other financial benefits and/or obtained authorized or unauthorized sums, in accordance with applicable law, this answering Defendant is entitled to an offset against Plaintiff's damages, if any, in the amount of all such benefits and/or sums.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because she has been fully compensated for any wages owed, and by accepting the payments made to her has effected an accord and satisfaction of her claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Second Amended Complaint fails to state a claim for penalties under California Labor Code section 203 in that there is a bona fide, good faith dispute as to Defendant's obligation to pay any wages, which may be found to be due.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT   14.   (No. 08CV417-L (BLM))

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Second Amended Complaint fails to state a claim upon which prejudgment interest may be granted, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that, to the extent Plaintiff seeks statutory or other penalties, such claims must comport with the due process requirements of State Farm v. Campbell, 538 U.S. 408 (2003).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff fails to properly state a claim for recovery of costs and attorneys' fees under California Labor Code sections 203, 218.5 or 1194, California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et seq.*, or any other basis.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that each and every cause of action pleaded by Plaintiff is barred because the applicable wage orders of the California Industrial Welfare Commission or the provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's prayers for restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200 *et seq.* are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT     15.     (No. 08CV417-L (BLM))

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, any conduct motivated by personal considerations rather than by any work-related events or conditions and was contrary to Defendant's express policies and beyond the course and scope of that individual's employment, and therefore insufficient to support a finding of respondeat superior liability.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant and its agents acted reasonably, with due care, and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, and that all actions taken toward Plaintiff were for legitimate, good faith and nondiscriminatory business reasons.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff's claims are preempted, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, to the extent that Plaintiff seeks a remedy for any alleged mental, emotional or physical injuries, illnesses or disabilities arising at a time when Plaintiff was performing services which were incidental to her employment, including all injuries proximately caused by her employment.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Second Amended Complaint does not describe the claims or facts with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for the purposes of asserting such additional defenses.

WHEREFORE, Defendant prays that:

1. The Second Amended Complaint be dismissed in its entirety with prejudice;
2. Plaintiff take nothing by way of her Second Amended Complaint;
3. Defendant be awarded judgment in its favor and against Plaintiff;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT   16.   (No. 08CV417-L (BLM))

    4.     Defendant recover its attorneys' fees and costs of suit incurred herein; and

    5.     The Court grant Defendant such other and further relief as it deems proper.

Dated: September 24, 2010                      Respectfully submitted,

                                                  s/Joshua D. Levine
                                                  Joshua D. Levine
                                                  Attorneys for Defendant
                                                  jdlevine@littler.com

Firmwide:97662646.1 013306.2125

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT    17.    (No. 08CV417-L (BLM))