UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ,<br><br>        Plaintiff,<br><br>v.<br><br>AUTOZONE STORES, INC., and DOES 1 through 20,<br><br>        Defendants. | Case No. 08cv417-L (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF**<br><br>[ECF No. 89] |

On March 18, 2011, counsel for Plaintiff and counsel for Defendant Autozone Stores, Inc. ("Defendant") jointly contacted the Court regarding a discovery dispute, for which the Court set a briefing schedule. ECF No. 88. Pursuant to the Court's Order, on March 25, 2011, Defendant filed its Motion to Compel Mental Examination of Plaintiff (ECF No. 89), Plaintiff filed her Opposition on April 1, 2011 (ECF No. 90), and Defendant filed its Reply on April 6, 2011 (ECF No. 91). Subsequently, on April 18, 2011, the Court conducted a telephonic, attorneys-only Case Management Conference to discuss the stipulation Defendant proposed in its Reply (ECF No. 91 at 3). See ECF Nos. 93 & 94. Having reviewed the briefing and having learned of counsel's respective positions regarding the proposed stipulation, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Compel Mental Examination of Plaintiff.

1    Rule 35(a) authorizes a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). However, the order "may be made only on motion for good cause." Fed. F. Civ. P. 35(a)(2)(A). These requirements necessitate "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Although Rule 35 "is to be construed liberally in favor of granting discovery," a claim for damages for emotional distress, without more, is not sufficient to put mental condition "in controversy." Turner v. Imperial Stores, 161 F.R.D. 89, 96-97 (S.D. Cal. 1995). Courts have determined that the "in controversy" requirement is met and a plaintiff should undergo a mental examination where:

> the case[] involve[s], in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Id. at 95. Factors that courts have considered in assessing whether "good cause" exists include, but are not limited to, "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." Impey v. Office Depot, Inc., No. C-09-01973 EDL, 2010 WL 2985071, at *21 (N.D. Cal. July 27, 2010) (citation omitted). Ultimately, each motion to compel a mental examination must be decided on a case-by-case basis, considering all the relevant circumstances. Schlagenhauf, 379 U.S. at 121-22.

///
///
///
///

Here, Plaintiff has not asserted a claim for intentional or negligent infliction of emotional distress, nor has she conceded that her mental condition is "in controversy," so the Court will focus on the remaining three Turner factors. In its motion to compel, Defendant contends that Plaintiff put her own mental condition "in controversy" by alleging that she suffered emotional distress damages as a result of Defendant's conduct and by designating her treating physicians to opine on her emotional distress claim. ECF No. 89 at 1-2. Defendant further asserts that there is good cause to allow Defendant's rebuttal expert to conduct a psychological examination of Plaintiff in order to evaluate her mental condition and to enable him to respond to the opinions of Plaintiff's designated treating physician experts. Id. Plaintiff counters in her opposition that hers is merely a "garden variety" emotional distress claim that does not warrant such an unduly invasive psychiatric examination. ECF No. 90 at 2. Plaintiff also argues that her mental condition is not "in controversy" because she is not alleging ongoing emotional distress, she sought no medical treatment for any emotional injury as a result of the demotion, and her emotional distress trial evidence will be consistent with the limitations set forth in her opposition. Id. at 2-3. In its reply, Defendant represents that it will forego the mental examination if Plaintiff agrees to stipulate to certain terms regarding her claim for emotional distress damages. ECF No. 91 at 3.

During the attorneys-only telephonic conference on April 18, 2011, the Court discussed Defendant's proposed stipulation with counsel. Counsel for Plaintiff agreed to withdraw two previously-designated expert witnesses: Dr. Shahzad Kahn and Ms. Carla Canedo-Villa, M.A. See ECF No. 89-1 at 6; ECF No. 89-3 at 50-51. Counsel for Plaintiff also agreed to Defendant's proposed stipulation that "Juarez will only refer to 'humiliation, embarrassment, anger or anxiety' when describing or referring to what she experienced as a result of the conduct that she attributes to Autozone." ECF No. 91 at 3. Based upon these agreements and the fact that Plaintiff is not alleging any ongoing emotional distress, the Court finds that Plaintiff's mental state is not "in controversy" and an independent mental examination is not warranted at this time. See Turner, 161 F.R.D. at 98. Accordingly,

Defendant's Motion to Compel Mental Examination of Plaintiff is **DENIED WITHOUT PREJUDICE**. If, after deposing witnesses and conducting further discovery, Defendant believes that Plaintiff's mental state is "in controversy" and good cause exists to conduct an independent mental examination of Plaintiff, Defendant may renew its motion to compel.

**IT IS SO ORDERED.**

DATED: April 21, 2011

*Barbara Major*

BARBARA L. MAJOR
United States Magistrate Judge