# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO JUAREZ, | Civil No. 08-CV-0417-WVG |
| Plaintiff, | ORDER SETTING FORTH COURT'S FINAL JURY INSTRUCTIONS THAT WERE READ TO THE JURY DURING TRIAL; PRIMARY JURY INSTRUCTIONS PROVIDED TO THE JURY DURING DELIBERATIONS |
| v. | |
| AUTOZONE STORES, INC., | |
| Defendant. | |

The Court attaches as Exhibit A its final jury instructions that were read to the jury during trial. In addition to being read to the jury during trial, the "Primary Jury Instructions" were provided to the jury during deliberations.

IT IS SO ORDERED.

DATED: November 13, 2014

Hon. William V. Gallo
U.S. Magistrate Judge

# EXHIBIT A

# PRELIMINARY JURY INSTRUCTIONS

## (COURT READS INSTRUCTIONS ONLY)

**COURT'S PRELIMINARY INSTRUCTION NO. 1**

**9th Cir. Manual of Model Jury Instructions Civil 1.1B**

## 1.1B DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**COURT'S PRELIMINARY INSTRUCTION NO. 2**

**9th Cir. Manual of Model Jury Instructions Civil 1.6**

**<u>1.6 WHAT IS EVIDENCE</u>**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**COURT'S PRELIMINARY INSTRUCTION NO. 3**

**9th Cir. Manual of Model Jury Instructions Civil 1.7**

**<u>1.7 WHAT IS NOT EVIDENCE</u>**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S PRELIMINARY INSTRUCTION NO. 4**

**9th Cir. Manual of Model Jury Instructions Civil 1.8**

**<u>1.8 EVIDENCE FOR LIMITED PURPOSE</u>**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# COURT'S PRELIMINARY INSTRUCTION NO. 5

## 9th Cir. Manual of Model Jury Instructions Civil 1.9

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**COURT'S PRELIMINARY INSTRUCTION NO. 6**

**9th Cir. Manual of Model Jury Instructions Civil 1.10**

**<u>1.10 RULING ON OBJECTIONS</u>**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**9th Cir. Manual of Model Jury Instructions Civil 1.12**

## <u>1.12 CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials;

and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

This, I will call the "admonition" instruction. At each recess and adjournment for the evening until the trial is concluded or you have reached a verdict, I will remind you of this admonition rather than repeating the entire instruction.

## COURT'S PRELIMINARY INSTRUCTION NO. 8

## 9th Cir. Manual of Model Jury Instructions Civil 1.14

### 1.14 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom or jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# COURT'S PRELIMINARY INSTRUCTION NO. 9

## 9th Cir. Manual of Model Jury Instructions Civil 1.18

### 1.18 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**COURT'S PRELIMINARY INSTRUCTION NO. 10**

**9th Cir. Manual of Model Jury Instructions Civil 1.19**

## <u>1.19 OUTLINE OF TRIAL</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# PRIMARY JURY INSTRUCTIONS

### (READ AND WRITTEN INSTRUCTIONS PROVIDED TO EACH JUROR)

## **Plaintiff's Claims**

Plaintiff brings the following separate claims. These claims are for:

1. Pregnancy/Gender Discrimination

2. Pregnancy/Gender Harassment

3. Retaliation

4. Failure to Prevent Harassment/Discrimination/Retaliation

These claims are described in the following instructions. Each claim involves a distinct set of elements. Some elements are common to more than one claim. That is, there are some things that a plaintiff must show to succeed on one claim that plaintiff must also show to succeed on one or more other claims. Although the claims have some elements in common, you should consider each claim individually, Plaintiff can succeed on any claim only if she proves all of the elements of that claim.

# COURT'S INSTRUCTION NO. 2

## CACI 2500. Pregnancy/Gender Discrimination—Disparate Treatment—Essential Factual Elements (Gov. Code, § 12940(a))

Rosario Juarez claims that Autozone wrongfully discriminated against her based on her pregnancy and gender.

To establish this claim, Rosario Juarez must prove all of the following:

1. That Autozone was an employer;

2. That Juarez was an employee of Autozone;

3. That Autozone demoted Juarez;

4. That Juarez's pregnancy/gender was a substantial motivating reason for Autozone's decision to demote her;

5. That Juarez was harmed; and

6. That Autozone's conduct was a substantial factor in causing Juarez's harm.

# COURT'S INSTRUCTION NO. 3

## CACI 2500. Disparate Treatment—Essential Factual Elements (Gov. Code, § 12940(a))

Rosario Juarez claims that Autozone wrongfully discriminated against her based on her gender.

To establish this claim, Rosario Juarez must prove all of the following:

1. That Autozone was an employer;

2. That Juarez was an employee of Autozone;

3. That Autozone terminated Juarez;

4. That Juarez's gender or pregnancy were substantial motivating reason for Autozone's decision to demote Juarez;

5. That Juarez was harmed; and

6. That Autozone's conduct was a substantial factor in causing Juarez's harm.

## CACI 2521A. Hostile Work Environment Harassment—Conduct Directed at Plaintiff—Essential Factual Elements—Employer or Entity Defendant (Gov. Code, § 12940(j))

Rosario Juarez claims that she was subjected to harassment from August 2005 to February 2006 based on her gender at Autozone, causing a hostile or abusive work environment. To establish this claim, Rosario Juarez must prove all of the following:

1. That Juarez was an employee of Autozone;

2. That Juarez was subjected to unwanted harassing conduct from August 2005 to February 2006 because she was a pregnant woman;

3. That the harassing conduct was severe or pervasive;

4. That a reasonable woman in Juarez's circumstances would have considered the work environment to be hostile or abusive;

5. That Juarez considered the work environment to be hostile or abusive;

6. That Autozone or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;

7. That Juarez was harmed; and

8. That the conduct was a substantial factor in causing Juarez's harm.

# COURT'S INSTRUCTION NO. 5

## CACI 2505. Retaliation—Essential Factual Elements (Gov. Code, § 12940(h))

Rosario Juarez claims that Autozone retaliated against her because she opposed and reported unlawful discrimination and harassment based on her gender and pregnancy. To establish this claim, Rosario Juarez must prove all of the following:

1. That Juarez opposed and reported unlawful discrimination and harassment based on gender;

2. That Autozone discharged Juarez;

3. That Juarez's opposing and reporting unlawful discrimination and harassment based on gender or pregnancy was a substantial motivating reason for Autozone's decision to discharge Juarez;

4. That Juarez was harmed; and

5. That Autozone's conduct was a substantial factor in causing Juarez's harm.

# COURT'S INSTRUCTION NO. 6

## CACI 2527. Failure to Prevent Harassment, Discrimination, or Retaliation—Essential Factual Elements—Employer or Entity Defendant (Gov. Code, § 12940(k))

Rosario Juarez claims that Autozone failed to take all reasonable steps to prevent harassment, discrimination, and retaliation based on her gender and pregnancy. To establish this claim, Rosario Juarez must prove all of the following:

1. That Juarez was an employee of Autozone;

2. That Juarez was subjected to harassment, discrimination, or retaliation in the course of employment;

3. That Autozone failed to take all reasonable steps to prevent the harassment, discrimination, or retaliation;

4. That Juarez was harmed; and

5. That Autozone's failure to take reasonable steps to prevent harassment, discrimination, or retaliation was a substantial factor in causing Juarez's harm.

# COURT'S INSTRUCTION NO. 7

## CACI 2509. "Adverse Employment Action" Explained

Rosario Juarez must prove that she was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if Autozone has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Juarez's employment. An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

## CACI 2523. "Harassing Conduct" Explained

Harassing conduct may include:

a. Verbal harassment, such as obscene language, demeaning comments, slurs, or threats; or

b. Conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.

## <u>CACI 2525. Harassment—"Supervisor" Defined</u>

Kent McFall was a supervisor of Autozone if he had the discretion and authority:

a. To hire, transfer, promote, assign, reward, discipline, demote, or discharge other employees or effectively to recommend any of these actions;

b. To act on the grievances of other employees or effectively to recommend action on grievances; or

c. To direct Juarez's daily work activities.

# COURT'S INSTRUCTION NO. 10

## CACI 2507. "Substantial Motivating Reason" Explained

A "substantial motivating reason" is a reason that actually contributed to the demotion or termination. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the demotion or termination.

# COURT'S INSTRUCTION NO. 11

## CACI 430. Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**COURT'S INSTRUCTION NO. 12**

**9th Cir. Manual of Model Jury Instructions Civil 1.3**

## <u>1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 13

## CACI 2524. "Severe or Pervasive" Explained

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances. You may consider any or all of the following:

(a) The nature of the conduct;

(b) How often, and over what period of time, the conduct occurred;

(c) The circumstances under which the conduct occurred;

(d) Whether the conduct was physically threatening or humiliating;

(e) The extent to which the conduct unreasonably interfered with an employee's work performance.

# COURT'S INSTRUCTION NO. 14

## CACI 3710. Ratification

Rosario Juarez claims that Autozone is responsible for the harm caused by an agent's conduct because it approved that conduct after it occurred. If you find that an agent harmed Rosario Juarez, you must decide whether Autozone approved that conduct. To establish her claim, Rosario Juarez must prove all of the following:

1. That an agent intended to act on behalf of Autozone;

2. That Autozone learned of an agent's conduct after it occurred; and

3. That Autozone approved of an agent's conduct.

Approval can be shown through words, or it can be inferred from a person's conduct. Approval can be inferred if a person voluntarily keeps the benefits of its representative's unauthorized conduct after it learns of the unauthorized conduct.

14

**9th Cir. Manual of Model Jury Instructions Civil 4.2**

## 4.2 LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**COURT'S INSTRUCTION NO. 16**

**9th Cir. Manual of Model Jury Instructions Civil 4.4**

**<u>4.4 AGENT AND PRINCIPAL—DEFINITION</u>**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

**COURT'S INSTRUCTION NO. 17**

**9th Cir. Manual of Model Jury Instructions Civil 4.5**

**4.5 AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**COURT'S INSTRUCTION NO. 18**

**9th Cir. Manual of Model Jury Instructions Civil 4.6**

## 4.6 ACT OF AGENT IS ACT OF PRINCIPAL— SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

### CACI 2526. Affirmative Defense—Avoidable Consequences Doctrine (Sexual Harassment by a Supervisor)

If Rosario Juarez proves that Kent McFall sexually harassed her, Autozone is responsible for Rosario Juarez's harm caused by the harassment. However, Autozone claims that Rosario Juarez could have avoided some or all of the harm with reasonable effort. To succeed, Autozone must prove all of the following:

    1. That Autozone took reasonable steps to prevent and correct workplace sexual harassment;

    2. That Juarez unreasonably failed to use the preventive and corrective measures for sexual harassment that Autozone provided; and

    3. That the reasonable use of Autozone's procedures would have prevented some or all of Juarez's harm.

You should consider the reasonableness of Juarez's actions in light of the circumstances facing her at the time, including her ability to report the conduct without facing undue risk, expense, or humiliation.

If you decide that Autozone has proved this claim, you should not include in your award of damages the amount of damages that Juarez could have reasonably avoided.

# COURT'S INSTRUCTION NO. 20

## <u>CACI 105, Insurance</u>

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

## 9th Cir. Manual of Model Jury Instructions Civil 2.4

## <u>2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of witness Stacy Saucier and Tanya Holmes were taken on June 10, 2011, and June 13, 2011, respectively. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers before you in this trial. The only thing that is important for you to consider is the behavior, tone of voice, and the answers provided by the witness being deposed.

## CACI 212. Statements of a Party Opponent

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1. Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2. If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

# COURT'S INSTRUCTION NO. 23

## 9th Cir. Manual of Model Jury Instructions Civil 2.11

### 2.11 EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO. 24

## CACI 223. Opinion Testimony of Lay Witness

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate.

You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

# COURT'S INSTRUCTION NO. 25

## 9th Cir. Manual of Model Jury Instructions Civil 2.12

## 2.12 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CACI 3900. Introduction to Tort Damages—Liability Contested**

If you decide that Rosario Juarez has proved her claim against Autozone, you also must decide how much money will reasonably compensate Rosario Juarez for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Autozone's wrongful conduct, even if the particular harm could not have been anticipated.

Juarez does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Juarez:

1. Past and future economic damages; and
2. Past emotional distress damages.

**COURT'S INSTRUCTION NO. 27**

**CACI 3902. Economic and Noneconomic Damages**

The damages claimed by Rosario Juarez for the harm caused by Autozone fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

**COURT'S INSTRUCTION NO. 28**

**CACI 3903. Items of Economic Damage**

The following are the specific items of economic damages claimed by Rosario Juarez:

1. the reasonable amount of income and benefits she has lost to date.

In determining this amount, you should consider evidence of Juarez's earnings and earning capacity, how Juarez's time was ordinarily occupied, and find what Juarez was reasonably certain to have earned but for the injury caused by Autozone.

**COURT'S INSTRUCTION NO. 29**

**<u>CACI 3903C. Past and Future Lost Earnings (Economic Damage)</u>**

Past and future lost earnings.

To recover damages for past lost earnings, Juarez must prove the amount of income that she has lost to date.

To recover damages for future lost earnings, Juarez must prove the amount of income she will be reasonably certain to lose in the future as a result of the injury.

# COURT'S INSTRUCTION NO. 30

## CACI 3904A. Present Cash Value

If you decide that Rosario Juarez's harm includes future economic damages for loss of earnings, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Autozone must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Juarez with the amount of her future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

# COURT'S INSTRUCTION NO. 31

## CACI 3905. Items of Noneconomic Damage

The following are the specific items of non-economic damages claimed by Juarez:

> Reasonable compensation for any pain, discomfort, fears, anxiety, and other emotional and mental distress including shame, humiliation, grief, embarrassment, anger, disappointment, chagrin, worry and nausea.

## **CACI 3905A. Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage)**

Rosario Juarez alleges emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

# COURT'S INSTRUCTION NO. 33

## CACI 3934. Damages on Multiple Legal Theories

Rosario Juarez seeks damages from Autozone under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Autozone is liable to Juarez under the following legal theories:

1. Discrimination based on gender/pregnancy;

2. Harassment based on gender;

3. Retaliation based on Juarez's opposition to and reporting unlawful discrimination and harassment based on gender;

4. Failure to prevent harassment/discrimination/retaliation; and

5. Wrongful termination in violation of public policy.

The following items of damages are recoverable only once under all of the above legal theories:

1. Past lost earnings; and

2. Future lost earnings.

The following additional items of damages are recoverable only once under all of the above legal theories:

1. Past emotional distress.

## CACI 3946. Punitive Damages—Entity Defendant—Bifurcated Trial (First Phase)

If you decide that Autozone's conduct caused Rosario Juarez's harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Juarez has proved that Autozone engaged in that conduct with malice, oppression, or fraud. To do this, Juarez must prove one of the following by clear and convincing evidence:

    1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Autozone who acted on behalf of Autozone; or

    2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Autozone; or

    3. That one or more officers, directors, or managing agents of Autozone knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Autozone acted with intent to cause injury or that Autozone's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Autozone's conduct was despicable and subjected Juarez to cruel and unjust hardship in knowing disregard of her rights.

34

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Autozone intentionally misrepresented or concealed a material fact and did so intending to harm Juarez.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

# COURT'S INSTRUCTION NO. 35

## CACI 201. More Likely True—Clear and Convincing Proof

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

# COURT'S INSTRUCTION NO. 36

## CACI 3961. Duty to Mitigate Damages for Past Lost Earnings

Rosario Juarez is not entitled to recover damages for economic losses that Autozone proves Rosario Juarez could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1. Determine the amount Juarez would have earned from the job she held at the time she was injured; and

2. Subtract the amount Juarez earned or could have earned by returning to gainful employment.

The resulting amount is Juarez's damages for lost earnings.

**9th Cir. Manual of Model Jury Instructions Civil 1.11**

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# COURT'S INSTRUCTION NO. 38

## CACI 3964. Jurors Not to Consider Attorney Fees and Court Costs

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

# CONCLUDING JURY INSTRUCTIONS

## (COURT READS INSTRUCTIONS ONLY)

## COURT'S CONCLUDING INSTRUCTION NO. 1

### 9th Cir. Manual of Model Jury Instructions Civil 3.1

### <u>3.1 DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S CONCLUDING INSTRUCTION NO. 2

## 9th Cir. Manual of Model Jury Instructions Civil 3.2

### 3.2 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**COURT'S CONCLUDING INSTRUCTION NO. 3**

**9th Cir. Manual of Model Jury Instructions Civil 3.3**

### <u>3.3 RETURN OF VERDICT</u>

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.